UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ISHOW.COM, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>LENNAR CORPORATION, AND LENNAR PACIFIC PROPERTIES MANAGEMENT, INC.<br><br>    Defendants. | Civil Action No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>**JURY DEMANDED** |

Plaintiff iShow.com, Inc. ("iShow") for its complaint for declaratory judgment against Lennar Corporation and Lennar Pacific Properties Management, Inc. (collectively "Lennar") hereby alleges as follows:

**PARTIES**

1. Plaintiff iShow.com, Inc. ("iShow") is a Washington corporation with a principal place of business at 14205 SE 36th Street, Suite 100, Bellevue, Washington 98006.

2. Defendant Lennar Corporation is a Delaware Corporation with a principal place of business at 700 NW 107th Ave, Miami, Florida 33172.

3. Defendant Lennar Pacific Properties Management, Inc. is a Delaware Corporation with a principal place of business at 700 NW 107th Ave, Miami, Florida 33172.

COMPLAINT - 1
Civil Action No.
ISOW-6-1001P01 Complaint (Redline)

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1338(a) (Trademark) and § 2201 (Declaratory Judgments).

5. This court also has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs.

6. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this dispute occurred within this judicial district and because all defendants reside in this district pursuant to 28 U.S.C. §§ 1391(c) and (d).

7. This Court has specific personal jurisdiction over defendants because each has minimum contacts with the Washington State, namely the transaction of business here or the express aiming of tortious conduct at iShow (knowing that iShow is a resident of Washington State) and because iShow's causes of action as alleged herein are related to or arise from defendants' contacts with the State of Washington.

## FACTS

### PLAINTIFF'S RIGHTS TO THE NAME AND MARK NEXTGEN

8. Plaintiff iShow is a leading integrator of home-design and construction multi-media platforms. In 2000, in cooperation with celebrity Bob Vila, iShow created 1,500 mini-shows from Bob Vila's TV series, Home Again, and made these mini-shows available online. Plaintiff iShow later collaborated with Bob Vila on two complete, original, online home-series that were the first direct-to-web broadcasts of their kind.

9. Plaintiff iShow's work in collaboration with Bob Vila led to additional projects in the home-design and construction industry. In 2001 and 2002, iShow collaborated with Bob Vila to design and build the "DOTCOM DREAM HOME." The DOTCOM DREAM HOME

COMPLAINT - 2
Civil Action No.
ISOW-6-1001P01 Complaint (Redline)

LOWE GRAHAM JONES ᴘʟʟᴄ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

showcased current innovations in residential construction, design, technology, and building materials. During this same time period and continuing through 2003, iShow collaborated with Bob Vila on the "ENERGY WISE HOUSE." The ENERGY WISE HOUSE showcased current innovations in residential construction, design, technology, and building materials with a focus on conserving home-energy use.

10. In 2003, iShow first used the name and mark NEXTGEN in connection with the design and construction of a residential home at the Stardust casino in Las Vegas, Nevada. This was the first "NEXTGEN Home" ever built. A NEXTGEN Home is a home including current innovations in residential design and construction. This includes technologically advanced building materials, layouts, appliances, heating systems, air-conditioning systems, communications systems, and entertainment systems.

11. The NEXTGEN Home at the Stardust in Las Vegas, Nevada was opened during the Consumer Electronics Show ("CES") and remained open for exhibition through the show and for several months after. The first NEXTGEN Home that was built in 2003 was subsequently sold and moved from the Stardust to a neighborhood in the State of Montana.

12. Plaintiff iShow has used the name NEXTGEN in connection with the design and construction of residential homes for exposition at the annual CES shows in Las Vegas, Nevada from 2003-2008, 2012 and 2016. Plaintiff iShow has also used the name NEXTGEN in connection with the design and construction of residential homes for exposition at the International Builders Show ("IBS") annually since 2004.

13. In 2003, iShow registered the domain name www.nextgenhome.com ("the NEXTGEN Website"). Plaintiff iShow has owned and operated the NEXTGEN Website since 2003. The NEXTGEN Website has been used to market and advertise iShow's NEXTGEN Homes continuously since it was launched in late 2003 or early 2004.

COMPLAINT - 3
Civil Action No.
ISOW-6-1001P01 Complaint (Redline)

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

14. Since 2004, over 200,000 people have visited NEXTGEN demonstration Homes at various tradeshows across the country. Moreover, iShow's NEXTGEN Home offerings have had over 100 million media impressions since 2004.

15. NEXTGEN Homes have been sold or donated to home owners in the following states: Nevada, Florida, Washington, California, Montana, Arizona, and Virginia. Each one of these homes was designed, built, and sold in compliance with local, state, and federal laws and all applicable building codes. Some of these homes were first designed and constructed for exposition at a trade show, such as CES or IBS, and then moved to their current location, while others were stick-built onsite at their current location.

16. Beginning in 2007, iShow used the name and mark NEXTGEN in connection with a planned community development at Porte De La Mer, Florida. Over the years since 2007, iShow has used the mark NEXTGEN in advertising and marketing homes for inclusion into planned community developments.

17. Beginning in 2008, and continuing through 2010, iShow used the name and mark NEXTGEN in connection with residential design and construction services in cooperation with Houseplans.com. In connection with this use, customers looking to own a NEXTGEN Home could select their plan from Houseplans.com. Since 2010, iShow has used the mark NEXTGEN in connection with advertising and marketing a variety of NEXTGEN home layouts and plans.

18. Plaintiff iShow owns a state trademark registration for the name and mark "NEXTGEN" in the State of Nevada, as well as a federal trademark registration for the mark "NEXTGEN HOME EXPERIENCE", U.S. TM Reg. No. 3,385,426, which was registered on February 19, 2008 in International Class 35 for "product demonstration for the residential construction and consumer electronics industries."

COMPLAINT - 4
Civil Action No.
ISOW-6-1001P01 Complaint (Redline)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

19. Beginning in 2010 and continuing through the present time, iShow used the name and mark NEXTGEN in connection with specialty residential construction and design services focused on accessibility. These homes are known as "NEXTGEN Accessible Homes," and they are designed and built specifically for people with special needs, including wider doors for wheelchair access and the latest in lift-technologies and rail systems.

20. Beginning in 2012 and continuing through the present time, iShow used the name and mark NEXTGEN in connection with high-performance rating criteria for residential construction and building. The NEXTGEN rating system rates homes and builders according to (1) use of advanced building technologies, (2) energy efficiencies, (3) indoor air quality, (4) material resource utilization, (5) universal design, (6) water conservation, (7) home automation, (8) natural disaster resistance, and (9) material resource utilization. The NEXTGEN rating system rates homes according to these criteria as silver, gold, platinum, and diamond.

21. Beginning in 2012 and continuing through the present time, iShow has used the name and mark NEXTGEN in connection with interlocking or "modular" homes where a wide variety of floor plans are available for modular expansion through use of a core-wall system, where the "core-wall" contains critical structural, mechanical, plumbing, and electrical infrastructure that is easily expanded to additional modules. The NEXTGEN modular home concept has been marketed for use as a solution for extended family housing, multi-family housing, rental housing, and housing for aging parents.

**DEFENDANTS' ACTIVITIES**

22. Defendant Lennar Corporation is a national homebuilder that operates in various states. Lennar Corporation's homebuilding operations include the construction and sale of single-family attached and detached homes, as well as the purchase, development, and sale of residential land directly and through unconsolidated entities in which Lennar Corporation has investments.

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

23. Lennar Corporation owns or controls a number of affiliated or subsidiary entities incorporated in Washington State and doing business here. These entities include Lennar Associates Management, LLC, Lennar Multifamily BTC Venture GP Subsidiary, LLC, Lennar Multifamily Communities, LLC, Lennar Northwest, Inc., Lennar PNW, Inc., and Lennar Sales Corp.

24. Defendant Lennar Pacific Properties Management, Inc. owns federal trademark registrations for the mark "NEXT GEN", U.S. TM Reg. No. 4,286,663 ("the '663 registration"), and "NEXT GEN – THE HOME WITHIN A HOME", U.S. TM Reg. No. 4,342,429 ("the '429 registration").

25. The '663 registration covers "consultation in the fields of real estate management and real estate management and real estate brokering" among other services related to real estate sales, real estate brokering, real estate finance, and real estate insurance in International Class 36. The '663 registration also covers "real estate development and planning services, namely developing, laying out and constructing residential communities and individual residences" in International Class 37.

26. The '633 registration claims a first use and first use in commerce (in connection with the above-listed services) of October 28, 2011.

27. The '429 registration covers "consultation in the fields of real estate management and real estate management and real estate brokering" among other services related to real estate sales, real estate brokering, real estate finance, and real estate insurance in International Class 36. The '429 registration also covers "real estate development and planning services, namely developing, laying out and constructing residential communities and individual residences" in International Class 37.

COMPLAINT - 6
Civil Action No.
ISOW-6-1001P01 Complaint (Redline)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

28.     The '429 registration claims a first use and first use in commerce (in connection with the above-listed services) of October 28, 2011.

29.     On February 4, 2015, Lennar Pacific Properties Management, Inc. sent a cease and desist letter to iShow asserting trademark rights under the '429 and '663 registrations and demanding that iShow immediately cease and desist from using the marks "NextGen Homes," "NextGen Companion Homes," and "NextGen Lifestyle Homes" in connection with the construction, sale, and marketing of residential real estate and to destroy all advertising medium in which those marks have been used. A true and correct copy of this letter is attached to the complaint as Exhibit A.

30.     On information and belief, Lennar Corporation authorized Lennar Pacific Properties Management, Inc. to send the cease and desist letter attached as Exhibit A.

## **CAUSE OF ACTION—DECLARATORY JUDGMENT**

31.     Plaintiff iShow re-alleges and incorporates by reference all of the factual allegations contained in paragraphs 1-30 above.

32.     An actual case or controversy exists between Lennar and iShow concerning iShow's continued use of the name and mark NEXTGEN in connection with iShow's residential design and construction services.

33.     As alleged herein, iShow has continuously used the name and mark NEXTGEN in connection with residential design and construction services since 2003.

34.     Plaintiff iShow's use of the name and mark NEXTGEN in connection with residential design and construction services was prior to Lennar's use the mark NEXT GEN on any services.

COMPLAINT - 7
Civil Action No.
ISOW-6-1001P01 Complaint (Redline)

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

35. Plaintiff iShow adopted the mark NEXTGEN in connection with residential design and construction services in good faith and without knowledge of any superior rights of another.

36. Plaintiff iShow's prior use of the name and mark NEXTGEN in connection with residential design and construction services is protected by the Lanham Act, specifically, 15 U.S.C. § 1115(b)(5) or (6).

37. Plaintiff iShow's prior use of the name and mark NEXTGEN in connection with residential design and construction services is protected by the common law of the various states where iShow has used the name and mark NEXTGEN in good faith and prior to any use of a conflicting mark by Lennar.

38. On information and belief, Lennar has known about iShow's prior and concurrent use of the name NEXTGEN in connection with residential design and construction services since at least as early as January 2012 and perhaps earlier. Despite Lennar's knowledge of iShow's use of the name and mark NEXTGEN in connection with residential design and construction services, Lennar has failed to act on any rights it might have to the name. Further, iShow has suffered expectations-based or evidentiary-based prejudice as a result of Lennar's failure to timely assert any trademark rights. Accordingly, Lennar's claims of trademark infringement are barred by equitable defenses, including estoppel and laches.

**PRAYER FOR RELIEF**

Wherefore, plaintiff iShow requests the following relief from this Court:

A. A declaration from this Court that any claims for trademark infringement or false designation of origin asserted by Lennar against iShow are barred based on iShow's prior use of the name and mark NEXTGEN in connection with residential design and construction services, in accordance with state common law or 15 U.S.C. § 1115(b)(5) or (6).

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

B. A declaration from this Court that any claims for trademark infringement or false designation of origin asserted by Lennar against iShow in connection with iShow's use of the mark NEXTGEN in connection with residential design and construction services are barred by laches or estoppel.

C. A declaration from this Court that any state law unfair competition claims asserted by Lennar against iShow in connection with iShow's use of the mark NEXTGEN in connection with residential design and construction services are barred by laches, estoppel, or applicable statutes of limitations.

D. Attorneys' fees and costs under any applicable rule or statute; and

E. Such other further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff iShow requests a trial by jury.

DATED this 29th day of September, 2015.

        LOWE GRAHAM JONES<sup>PLLC</sup>

        s/ Mark P. Walters
        Mark P. Walters, WSBA No. 30819
        *Walters@LoweGrahamJones.com*
        701 Fifth Avenue, Suite 4800
        Seattle, Washington 98104
        T: 206.381.3300
        F: 206.381.3301

        *Attorneys for Plaintiff iShow.com, Inc.*

COMPLAINT - 9
Civil Action No.
ISOW-6-1001P01 Complaint (Redline)

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301