UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ISHOW.COM, INC.,                         )   No. C15-1550RSL
                                         )
                Plaintiff,               )
        v.                               )
                                         )   ORDER GRANTING IN PART
LENNAR CORPORATION, *et al.*,            )   DEFENDANTS' MOTION TO
                                         )   DISMISS
                Defendants.              )
_____)

This matter comes before the Court on "Defendants Lennar Corporation and Lennar Pacific Properties Management, Inc.'s Motion to Dismiss Pursuant to FRCP 12(b)(6)." Dkt. # 7. In February 2015, defendant Lennar Pacific Properties Management, Inc., sent plaintiff a cease and desist letter demanding that plaintiff stop using certain trademarks. Plaintiff filed this action, seeking declarations that (a) plaintiff used the NEXTGEN mark before defendants (a priority claim), (b) any claim defendants have for trademark infringement or false designation of origin are barred by laches and/or estoppel, and (c) any state law unfair competition claims defendants have are barred by laches, estoppel, and/or the statute of limitations. Defendants argue that plaintiff's priority-related claim should be dismissed because it is barred by the doctrine of *res judicata* and that plaintiff's trademark-related laches and estoppel claims have not been

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS

adequately pled.[1]

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). Where consideration of additional documents is appropriate, the well-pleaded allegations of the complaint and the contents of the documents are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). The question for the Court is whether the facts alleged sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

**A. REQUEST FOR JUDICIAL NOTICE**

Defendants have presented documents that were filed with the Trademark Trial and Appeal Board ("TTAB") in support of their *res judicata* argument. Plaintiff has not opposed their consideration. Because administrative complaints and agency decisions are the type of public records that are properly the subject of judicial notice (Ritchie, 342 F.3d at 909), the

---

[1] Defendants' motion does not address plaintiff's request for a declaration that any state law unfair competition claims defendants have are barred by laches, estoppel, and/or the applicable statutes of limitation.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS              -2-

Court has considered the documents in ruling on defendants' motion.

**B. ISSUE PRECLUSION**

The preclusive effect of a prior adjudication is generally referred to as *res judicata*, a doctrine which includes the two separate concepts of claim preclusion and issue preclusion. While both claim and issue preclusion protect the finality of decisions and prevent the proliferation of litigation, "they protect distinct values and may be used in different ways." Littlejohn v. U.S., 321 F.3d 915, 919 (9th Cir. 2003). Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979). Issue preclusion, on the other hand, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Although defendants rely heavily on a case that involves the doctrine of claim preclusion (Stewart v. U.S. Bancorp, 297 F.3d 953 (9th Cir. 2002)), they specifically and repeatedly assert that issue preclusion applies in this case (Dkt. # 7 at 6).

Relitigation of a legal or factual issue is foreclosed if "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012) (citing Montana v. U.S., 440 U.S. 147, 153-54 (1979)). Plaintiff does not dispute that it placed the priority of its trademark at issue before the TTAB or that it would have had a full and fair opportunity to litigate that issue had it pursued its objections to defendants' trademark registration application. Plaintiff argues, however, that its priority claim was not "actually litigated" or necessarily decided on the merits because it voluntarily withdrew its objections. "A voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS            -3-

litigate any issue." Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1159 (9th Cir. 2002). Issue preclusion is therefore not applicable because no legal or factual issue regarding priority was actually or necessarily resolved against plaintiff in the prior litigation. See Levi Strauss & Co. v. Abercrombie & Fitch Trading Co., 719 F.3d 1367, 1372-73 (9th Cir. 2013); Young v. City of Providence, 404 F.3d 4, 25 n.17 (1st Cir. 2005); Pelletier v. Zweifel, 921 F.2d 1465, 1501 (11th Cir. 1991). Having chosen to assert only issue preclusion in its motion, defendants are not entitled to judgment as a matter of law on the priority claim.[2]

**C. LACHES AND ESTOPPEL REGARDING CLAIMS OF TRADEMARK INFRINGEMENT**

Plaintiff seeks a declaration that any claims defendants have for trademark infringement or false designation of origin are barred by the doctrines of laches or estoppel. The only facts asserted in support of that request are found in paragraph 38 of the complaint:

> On information and belief, Lennar has known about iShow's prior and concurrent use of the name NEXTGEN in connection with residential design and construction services since at least as early as January 2012 and perhaps earlier. Despite Lennar's knowledge of iShow's use of the name and mark NEXTGEN in connection with residential design and construction services, Lennar has failed to act on any rights it might have to the name. Further, iShow has suffered expectations-based or evidentiary-based prejudice as a result of Lennar's failure to timely assert any trademark rights. Accordingly, Lennar's claims of trademark infringement are barred by equitable defenses, including estoppel and laches.

Dkt. # 1 at 8. Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff must allege sufficient facts to raise a plausible inference that it is entitled to relief. Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a

---

[2] To the extent defendants intended to assert claim preclusion, the argument also fails. An interparty proceeding before the TTAB is a limited proceeding involving registration of a trademark. There is no indication that the board had the power to hear and decide a claim of infringement or to award damages. Thus, although there may be factual or legal issues that are finally resolved by the TTAB and cannot be relitigated, there is no risk of claim-splitting because plaintiff could not pursue its current claims before the TTAB.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS           -4-

1  right to relief. Twombly, 550 U.S. at 555.

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief.  Factual allegations must be enough to raise a right to relief above the speculative level.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.  Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted).

Plaintiff's allegation that it suffered prejudice as a result of defendants' acts or omissions is nothing more than a formulaic recitation of an element of its laches defense. The use of vague and unexplained adjectives to describe the alleged prejudice does not remedy the conclusory nature of the allegation. With regards to the estoppel defense, plaintiff has failed to allege any facts from which plausible inferences regarding defendants' intent, plaintiff's knowledge, or plaintiff's reliance could be drawn. Plaintiff's request for a declaration that the doctrines of laches and estoppel bar defendants from asserting trademark claims is inadequately pled and is therefore DISMISSED. Because this litigation continues, leave to amend will not be blindly granted. If plaintiff believes it can, consistent with its Rule 11 obligations, amend the complaint to remedy the pleading deficiencies identified above, it may file a motion to amend and attach a proposed pleading for the Court's consideration.

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 7) is GRANTED in part and DENIED in part. Plaintiff's request for a declaration that defendants are barred by the doctrine of laches or estoppel from asserting trademark infringement or false designation of

origin claims is DISMISSED.

Dated this 29th day of April, 2016.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge