THE HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

iShow.com, Inc.,

10
                    Plaintiff,                    Civil Action No. 2:15-cv-01550-RSL

11          v.
                                                 PLAINTIFF'S MOTION FOR SUMMARY
12  Lennar Corporation, and Lennar Pacific        JUDGMENT
    Properties Management, Inc.
13                                               **Note on Motion Calendar: <u>October 21,
                                                 2016</u>**
14                  Defendants.
                                                 <u>**ORAL ARGUMENT REQUESTED**</u>
15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

## TABLE OF CONTENTS

Table of Contents……………………………………………………………...………...i

Table of Authorities……………………………………………………………...……..ii

I.      INTRODUCTION ...................................................................................................1

II.     FACTS ...................................................................................................................1

   A.   iShow's Beginnings ................................................................................1

   B.   iShow's NEXTGEN Demonstration Home Business ......................................2

   C.   iShow's NEXTGEN Builder and Architect Collaborations...............................5

   D.   iShow's NEXTGEN Home TV ...................................................................7

   E.   Lennar's use of NEXTGEN .....................................................................8

   F.   The Parties' Dispute Over the NEXTGEN mark ...........................................9

III.    ANALYSIS ..........................................................................................................10

   A.   Summary Judgment...............................................................................10

   B.   Trademark Infringement .........................................................................11

   C.   iShow has Superior Rights to the Mark NEXTGEN as a Matter of Law Based on iShow's Prior Use on Demonstration Homes.............................................11

      1.   The Strength of the Protected Mark…………………………………….14

      2.   Proximity and Relatedness of the Goods…………………………….…14

      3.   Type of Goods and the Degree of Consumer Care…………………….…15

      4.   Similarity of the Protected Mark and the Allegedly Infringing Mark……………..15

      5.   Marketing Channel Convergence…………………………………….…16

      6.   Actual Confusion…………………………………………………… 17

      7.   Lennar's Intent in Adopting the Mark…………………………………18

      8.   Likelihood of Expansion…………………………………………….…18

   D.   Case Analysis Supports a Finding in Favor of iShow on Summary Judgment...............20

IV.    CONCLUSION ...................................................................................................21

Certificate Of Service

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - i
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## **TABLE OF AUTHORITIES**

**CASES**

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) .................................................. 13, 20

*Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999).... 12, 15, 19

*C.A.E., Inc. v. Clean Air Engineering, Inc.*, 267 F. 3d 660 (7th Cir. 2001) ............................... 20

*Carnival Brand Seafood Co. v. Carnival Brands, Inc.*, 187 F.3d 1307 (11th Cir. 1999)....... 12, 13

*Department of Parks & Recreation v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118 U.S.P.Q.2d 1887
    (9th Cir. 2006)............................................................................................................. 11

*Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135 (9th Cir. 2002)........................................... 14

*Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277 (3d Cir. 1991) ............................ 15

*Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957 (9th Cir. 1994)................................ 11

*Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088 (9th Cir. 2001) ................... 10, 11

*J.C. Penny Co. v. Security Tire & Rubber Co.*, 382 F. Supp. 1342 (E.D. Va. 1974) .................. 20

*Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1995)........................................................ 10

*Jaguar Cars Ltd. v. Skandrani*, 771 F. Supp. 1178 (S.D. Fla. 1991)......................................... 21

*Lahoti v. Vericheck, Inc.*, 708 F. Supp. 2d 1150 (W.D. Wash. 2010) ........................................ 14

*Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352 (9th Cir. 1985) ......................................... 11

*Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792 n.19 (9th Cir. 2003)............................. 14

*May Dep't Stores Co. v. Prince*, 200 U.S.P.Q. 803 (T.T.A.B.1978)........................................... 12

*Natural Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383 (3d Cir.1985)...................... 12

*New West Corp. v. NYM Co. of Calif., Inc.*, 595 F.2d 1194 (9th Cir. 1979) .............................. 19

*Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385 (9th Cir. 1993)............................................. 12

*Rosenthal A.G. v. Ritelite, Ltd.*, 986 F. Supp. 133 (E.D. N.Y. 1997) ......................................... 20

*Saul Zaentz v. Wozniak Travel, Inc.*, 627 F. Supp. 2d 1096 (N.D. Cal. 2008) ........................... 11

*Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217 (9th Cir. 1996)................................... 11

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - ii
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005) ...................................... 14

*Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*, 465 F.3d 1102 (9th Cir. 2006) ............................................................................................................................... 10

**RULES**

Fed. R. of Civ. P. 56 ................................................................................................................. 1

**TREATISES**

*McCarthy on Trademarks and Unfair Competition* § 24:20 (4th ed. 2014) ................................ 12

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - iii
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

2

## I.   INTRODUCTION

3

4   This is a trademark case involving a threshold issue of priority. The trademark is

NEXTGEN[1] and the parties, Plaintiff iShow.com, Inc. ("iShow") and Defendants Lennar

5

Corporation and Lennar Pacific Properties Management, Inc. (collectively "Lennar"), seek

6

declaratory relief, monetary damages, and an injunction. *See* Dkt. Nos. 26 (iShow's Amended

7

Complaint) and 27 (Lennar's Answer and Amended Counterclaims).

8

9   iShow is entitled to summary judgment because there is no genuine issue of material fact

10

that iShow used the mark NEXTGEN in connection with "demonstration homes" before Lennar

11

ever used that mark on homes sold directly to consumers. And because iShow's prior use on

12

demonstration homes is sufficiently related to Lennar's later use of the mark on homes sold

13

directly to consumers, and because other important factors support finding a likelihood of

14

confusion, iShow has superior rights to the NEXTGEN mark as a matter of law.

15

16

17   iShow hereby moves for summary judgment under Fed. R. of Civ. P. 56 on all claims and

counterclaims, leaving only the issue of damages and the scope of injunctive relief for further

18

resolution by the Court. *See* Exhibit 1, [Proposed] Order Granting Partial Summary Judgment.

19

20

## II.   FACTS

21

22

### A.   iShow's Beginnings

23

24   Founded in 1999, iShow's original business involved services in the fields of streaming

25

media, video content creation, and website development. *See* Declaration of Paul Barnett in

26

27

---

[1] References to "NEXTGEN" include NEXT GEN (i.e., with a space between the words "next" and "gen")
as well as any confusingly similar variations of the mark.

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Support of iShow's Motion for Summary Judgment (hereinafter "Barnett Decl.") ¶ 2. One of iShow's first projects was for well-known home remodeler, Bob Vila. iShow created a series of online streaming videos for Bob Vila. Further, iShow and Bob Vila collaborated on two projects, the "DotCOM Dream Home" and the "EnergyWise House." *Id.* In 2001 and 2002, iShow won two contracts from the State of California to create educational videos with supporting websites used to train building inspectors and architects in best-practices for design and building-code inspection. *Id.* at ¶ 3.

iShow's first media projects in the home-remodel and building industry led to a separate business, one focused on the design and construction of "demonstration homes" for exhibition at a trade show or like event.

### B.    iShow's NEXTGEN Demonstration Home Business

In late 2002, iShow adopted the mark NEXTGEN and in 2003, iShow used that mark in connection with a home built for exhibition at the Stardust Hotel in Las Vegas, Nevada. *See Id.* ¶ 4 and Exh. A at ISOW000029-34; and 51. This first "NEXTGEN demonstration home" was built and held open for tours by visitors who travelled in buses from the International Builders Show (IBS) and the Consumer Electronics Show (CES). *See id.* at ISOW000016-17; 40; 08; 02; and 18-19. Built with advanced technologies and state-of-the-art building products, the home was advertised by iShow as "[t]he convergence of connected home technology, residential building science and energy efficient design." *See id.* at ISOW000020. *See also* ISOW000001. An extensive advertising, public relations, and marketing plan was prepared and executed in order to build brand awareness. *See id.* at ISOW000036-38; and 58-59. *See also* Barnett Decl. ¶¶ 5-8. This publicity led to press coverage of iShow's NEXTGEN home by others. *See id.* ¶ 4 and Exh. A at ISOW000062.

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

The NEXTGEN demonstration home built at the Stardust hotel in 2003 earned revenue for iShow in the form of paid sponsorships from a variety of companies in the residential design and construction industries, including architects, builders, building-products manufacturers, and makers of advanced home-technologies, among others. *See* Barnett Decl. ¶ 5 and Exh. A. at ISOW000024-28; 61; 84; 87; 90; 101; and 106. Some sponsors advertised or promoted the fact that they were selected by iShow for inclusion into the 2003 NEXTGEN Home. *See id.* at ISOW000010.

In 2004, iShow built another demonstration home at IBS. *See id.* ¶ 9 and Exh. B at ISOW001405; 2358; 1398-1401; 1413-1414; and 194. Once again, sponsors in the residential design and construction industry participated. *See id.* at ISOW001415-1416; 2356-2357; and 1428. The iShow 2004 NEXTGEN home was mentioned in *Automated Builder*, a trade magazine, *see id.* at ISOW001396, as well as national media such as *The Chicago Tribune*, *see id.* at ISOW001461-1462, and the *Philadelphia Inquirer*, *see id.* at ISOW001420-1423, among others, *see id.* at ISOW001661-1662.

iShow's exhibition of a NEXTGEN home at IBS has continued, uninterrupted since 2004. *See id.* at Exh. C (2005); Exh. D (2006); Exh. E (2007); Exh. F (2008); Exh. G (2009); Exh. H (2010); Exh. I (2011); Exh. J (2012); Exh. K (2013); Exh. L (2014); Exh. M (2015); Exh. N (2016). iShow has also exhibited demonstration homes at CES. *See id.* at Exh. O.

In 2010, iShow produced the "NEXTGEN Medtrade Accessible Home" for exhibition at an Atlanta trade show focused on in-home health care and accessibility. *See id.* Exh. P. These homes were designed in partnership with Martin Architectural Group. *Id.*

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

In 2011, iShow produced the "NEXTGEN Eco Makeover Home," a special project showcasing retrofitting existing homes with energy-efficient upgrades. *See id.* Exh. Q. This home was shown at the 2011 Kitchen and Bath Show (KBIS) in Las Vegas. *Id.*

iShow's NEXTGEN homes built for demonstration were later donated or sometimes sold at cost to others who later moved the homes to various locations around the country. *See id.* at ¶ 25 and Exh. R. The result is dozens of NEXTGEN homes sold or donated since 2003 to home owners living in various parts of the country. *See id.* Exh. S.

iShow has also built NEXTGEN demonstration homes outside of the tradeshow setting. In 2007, iShow built a NEXTGEN "First to the Future" home in Seattle, WA. *See id.* at Exh. T. This home was named "Residential Concrete ICF Home of the Year" in 2008 by a Washington State concrete industry trade group. *See id.* at ISOW006716 and ISOW006717. iShow built another NEXTGEN "First to the Future" home in Florida in 2013. *See id.* at Exh. U. This home was produced in partnership with well-known television personality, Ty Pennington. *See id.* at ISOW006540. Ty Pennington and iShow have partnered on several more home projects, including NEXTGEN's "A House United" that was built in halves in 2012, one half at the Republican National Convention and the other at the Democratic National Convention. *See id.* at Exh. V.

iShow has even acted as its own developer. In 2007, iShow purchased a parcel of land in Las Vegas, Nevada, (through a wholly owned subsidiary, NEXTGEN HOME 09, LLC) and began construction of a NEXTGEN home on that parcel in 2008. *See id.* at Exh. W. In 2009, after construction was complete, this home was awarded with the Department of Energy's "Builder Challenge Rating" for exceeding energy efficiency standards by more than 51% compared to other newly constructed homes of the time. *See id.* at ISOW004507.

LOWE GRAHAM JONES ᴘʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Since 2004, over 200,000 people have visited NEXTGEN demonstration homes at various tradeshows across the country and at locations where the homes have been built onsite. *See id.* at ¶ 31. They have been variously, home buyers, builders, contractors, architects, and others interested in advanced building designs, techniques, and home-technologies. *See id.* Moreover, iShow's NEXTGEN demonstration homes have had over 100 million media impressions since 2004. *See id.*

## C.    iShow's NEXTGEN Builder and Architect Collaborations

For each NEXTGEN demonstration home, iShow has partnered with a builder, and in many cases, that builder has been permitted to call itself an "official builder" for NEXTGEN or to otherwise advertise its affiliation with NEXTGEN. *See id.* at ¶ 34 and Exh. Z at ISOW002572 (identifying Genesis as a NEXTGEN "official builder"). *See also* Exh. Z at ISOW001949; ISOW002175-2176; ISOW002177-78; ISOW007406-7408; ISOW004394-4395; ISOW008001; ISOW008017; ISOW006342; ISOW001429; and ISOW000308.

In 2006, iShow collaborated with a builder, Brownstone & Associates ("Brownstone"), to offer a "NEXTGEN Certified planned community" at Port de la Mer, Florida. *See id.* at Exh. X at ISOW001326; 3831-3835; and 3867. *See also* Declaration of James Brown (hereinafter "Brown Decl") and Exhibits A-F.

> The Nextgen Home has been a show feature for four years. This year will be the first year, however, in which visitors to the home will be able to walk through and say 'I want this exact house' and they can actually get it at Port de la Mer, the first Nextgen certified planned community located near Tampa Bay, Fla.

Barnett Decl. Exh. P at ISOW001808. According to the terms of iShow's deal with Brownstone, Brownstone agreed to pay 1% of sales into a joint venture, co-owned by Brownstone and iShow. *See id.* at ISOW003836-3838. iShow's partnership with Brownstone to offer NEXTGEN homes

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

in a planned community was covered by industry press, including *Digital Connect Magazine*. *See id.* at ISOW003839-3841.

> To show how much integrated home technology has changed over the last year, you didn't have to go much farther than the NextGen Home Experience showcase home at last month's International Consumer Electronics Show . . . .
>
> Frank Daly, co-owner of Brownstone Builders and Associates, a Landenberg, Pa., outfit that builds the NextGen showcase homes as well as residential developments, couldn't agree more. Brownstone has such confidence in the Lifeware/Windows platform that the company is set to build 50 variations of the NextGen Home in Tampa, Fla., starting in May, with another 85 planned next year for a 200-acre development in Apopka, Fla., northwest of Orlando.

*Id.* at ISOW3840. Ultimately, iShow's partnership with Brownstone only resulted in a single NEXTGEN home built onsite. Brown Decl. at ¶ 13. The national housing crisis led to the demise of iShow's joint venture with Brownstone, *see id* at ¶ 12, however, Brownstone continued to offer NEXTGEN certified home plans on its website into 2012. *See* Barnett Decl. Exh. X. at ISOW003873. Further, industry press coverage of iShow's partnership with Brownstone created a lasting public record of the venture. *See id.* at ISOW001800-1802; and 3842-3845.

After Brownstone, iShow continued to offer opportunities for builders to become "Certified NextGen Builders." *See id.* at Exh. Y. In 2007, iShow entered discussions with D.R. Horton, one of the largest builders in the U.S. *See id.* at ISOW004564-4565. While these discussions were advanced, a draft agreement was prepared but never executed, *see id.* at ISOW005126-5137, again due to the continuing housing crisis in the U.S. *See id.* at ¶ 33. iShow continued to advertise the opportunity for certified or "approved" NEXTGEN Builders through the recession years of 2007-2012. *See id.* at ¶ 34 and Exh. Z (including archived web pages from www.nextgenhomes.com 2007-2012).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

In 2013, iShow began discussions with Anderson Homes. *See id.* Exh. Y at ISOW005184-5188. The prospective Anderson partnership never materialized, but in 2016, iShow signed an agreement with Palm West Home Builders, Inc. to offer "Approved NEXTGEN" Homes directly to consumers. *See id.* at ISOW005322 and ISOW005401.

iShow's NEXTGEN collaborations to offer homes directly to consumers included architects as well as builders. In 2011, iShow collaborated with Architect Mike Rosen of Martin Architectural Group on a project to design a new series of NEXTGEN homes, called the NEXTGEN "Companion Home Series," a series of homes targeted to multi-generational home owners. *See id.* at ISOW004549-4550 and 4553. For example, retirees who wish to have their aging parents live in the same home with them. The NEXTGEN "Companion Home Series" debuted in February 2012 at IBS in Orlando, Florida. *See id.* Exh. J at ISOW000564; 4391; and 4397. Architect, Mike Rosen, also presented the NEXTGEN Companion Home Series to the National Association of Home Builders (NAHB) through that organization's architectural council. *See id.* Exh. Y at ISOW002245-2262.

### D.    iShow's NEXTGEN Home TV

Since 2003, iShow has offered streaming video content showcasing various NEXTGEN homes on its websites, www.ishow.com and www.nextgenhome.com. *See id.* at ¶ 35 and Exh. AA. In 2013, iShow launched "NEXTGEN Home TV," a streaming media network available online and directed at the residential design, construction, and remodel markets (website available at www.NGHTV.com). *See id.* at ¶ 36 and Exh. BB. The NGHTV network offers an array of programs, all focused on different NEXTGEN home experiences. For example, the series showcasing the NEXTGEN "First to Future" home with Ty Pennington, the "House United" series, and the "Your House & Home" series collectively reached over 240 million

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

viewers. *See id.* at ¶ 37. The "Your House & Home" series has also been on syndicated cable television. *See id.*

### E.    Lennar's use of NEXTGEN

Lennar alleges use of the mark NEXTGEN in connection with construction and real estate development since sometime in late 2011 or early 2012. *See* Dkt. No. 27 at Counterclaim ¶ 5. According to Lennar, "[s]ince receiving the trademarks in 2012, Lennar has constructed hundreds of NEXT GEN homes and has spent substantial monies marketing the NEXT GEN marks." *Id.* Lennar's federal registrations claim a first use of October 28, 2011, *see id.* at Exh. A, however, the specimens of use filed with the USPTO only include dates from 2012. *See* Barnett Decl. Exh. CC.

Lennar's NEXTGEN logo is similar to iShow's and it is inconceivable that Lennar adopted the mark NEXTGEN without knowledge of iShow's prior use on demonstration homes; this is because several Lennar employees, including at least two high-level executives, a regional president (Jeff Roos) and a vice president of regional operations (Jeff Johnson), visited iShow's demonstration homes at times prior to Lennar's earliest alleged date of first use.  *See id.* at ¶ 40.





|                    |                  |
|--------------------|------------------|
| Lennar's Logo      | iShow's Logo     |

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Lennar's use of NEXTGEN in connection with residential construction has led to several instances of actual confusion. *See id.* at ¶ 41. For example, Jeff Maples of Creative Bath Sales, LLC, an iShow NEXTGEN Home sponsor and independent sales representative for Panasonic® home products, sent iShow's principal, Paul Barnett, an email complaining about the fact that the NEXTGEN home Maples had just toured did not feature Panasonic products. *See id.* Exh. DD at ISOW008459-8463. Mr. Maples mistakenly believed he was touring a NEXTGEN home authorized or affiliated with iShow, a fact clearly evident in his email.

> Hi there Paul. I just walked this Next Gen property at Country Club Dr. and Main St. in Mesa just now and did not see any Panasonic installed. I wanted to make you aware. We have been in close communication with Lennar in getting them to start using us. Please let me know what I can do to assist with getting us involved. I really appreciated you using us in the KBIS/Builder Show House in Vegas in January. Sincerely Jeff.

*Id.* at ISOW008459. In a similar incident, Jutta Gietl of Eco Rain, USA, another iShow sponsor and past contributor to some of iShow's NEXTGEN demonstration homes, noticed Lennar's use of the mark NEXTGEN, and mistakenly assumed iShow was involved. *See* Barnett Decl. Exh. DD at ISOW008456-8457. She wrote "Good morning Paul, Lennar is building Nextgen Homes and I would like to contact the 'right' person to talk to in regards to our iMat being a good addition, but so far I was out of luck." *Id.* In another instance of confusion, a realtor saw one of Lennar's NEXTGEN homes advertised on television, and then reached out to iShow by email to inquire as to further details. *See id.* at ¶ 41 and Exh. DD at ISOW008458.

## F.     The Parties' Dispute Over the NEXTGEN mark

Lennar sent iShow a cease and desist letter on February 4, 2015. *See* Dkt. No. 26-1. In the letter, Lennar demanded that iShow cease and desist use of "NextGen Homes," "NextGen Companion Homes," and "NextGen Lifestyle Homes" in connection with the construction, sale,

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

and marketing of residential real estate. *See id.* In a footnote, Lennar stated that it did "not seek to limit iShow's use of its mark in connection with the goods and services for which it is registered in International Class 35," meaning the mark as registered in U.S. Trademark Registration No. 3,385,426, NEXTGEN HOME EXPERIENCE, for "[p]roduct demonstration for residential construction and consumer electronic industries."

Believing it had right to continue using the mark NEXTGEN in connection with demonstration homes as it had done since 2003, and further believing it had the right to continue using the mark NEXTGEN to advertise and market homes directly to consumers as it had done since 2006, iShow filed this lawsuit.

## III.   ANALYSIS

### A.   Summary Judgment

The Ninth Circuit has held that summary judgment is proper, including in trademark infringement and unfair competition cases, where there is no genuine issue as to any material fact. *See*, *e.g.*, *Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*, 465 F.3d 1102 (9th Cir. 2006) (affirming summary judgment for accused infringer); *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088 (9th Cir. 2001) (same). As noted in *Grupo*, "[r]egardless of whether questions are factual, there is nothing to try unless there is a genuine issue of material fact." *Id.* at 1098-99. Further, a "mere disagreement about a material issue of fact is not in itself sufficient to preclude an award of summary judgment. . . . If the [non-moving party] cannot elicit material evidence through further discovery, summary judgment is appropriate." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1995) (citations omitted). Mere allegations or denials are not sufficient to defeat a moving party's allegations. *See Saul Zaentz v. Wozniak Travel, Inc.*,

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

627 F. Supp. 2d 1096, 1108 (N.D. Cal. 2008) (citing *Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 959-60 (9th Cir. 1994)).

### B.      Trademark Infringement

A successful plaintiff for trademark infringement must prove (1) that it owns a protectable interest in the mark and (2) that the defendant's use of the mark is likely to cause consumer confusion. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) (en banc). "To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996). The principle of first in time equals first in right applies in trademark law; trademark rights come from "earlier *use* of a mark in commerce." *Grupo Gigante SA de CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1093 (9th Cir. 2004) (emphasis in original). Federal trademark registration gives prima facie evidence of ownership of the mark. Another party may, however, rebut the presumption of ownership, as with evidence of its own prior use in commerce of the mark. *See*, *e.g.*, *Department of Parks & Recreation v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124, 78 U.S.P.Q.2d 1887 (9th Cir. 2006).

### C.      iShow has Superior Rights to the Mark NEXTGEN as a Matter of Law Based on iShow's Prior Use on Demonstration Homes

There is no dispute that iShow's use of the mark NEXTGEN on demonstration homes has been continuous and substantial since long before Lennar started using the mark in late 2011 or 2012. When asked to "state the factual basis" for its denial of iShow's allegation of prior use in paragraph 34 of the Amended Complaint (Dkt. No. 26), Lennar simply stated "[i]t is Lennar's understanding that iShow did not use the NEXTGEN mark *in connection with residential design*

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    *and construction services* prior to Lennar's use of the NEXTGEN mark with residential design

2    and construction services." *See* Barnett Decl. Exh. GG (Lennar's Response Interrogatory No. 5)

3    (emphasis added). Essentially, Lennar disputes the allegation that iShow's prior use on

4    demonstration homes is sufficient to establish priority in the market for "residential design and

5    construction services." Lennar is wrong as a matter of law.

6      Under the "related goods" or "natural expansion" doctrine, use of a mark in connection

7    with one good or service can also give priority of use in connection with a second good or

8    service if the two are closely related. *See, e.g., Brookfield Commc'ns, Inc. v. W. Coast Entm't*

9    *Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999) ("Even though Brookfield's computer software and

10   West Coast's offerings on its web site are not identical products, likelihood of confusion can still

11   result where, for example, there is a likelihood of expansion in product lines.") (citing *Official*

12   *Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993)); *Carnival Brand Seafood Co. v.*

13   *Carnival Brands, Inc.*, 187 F.3d 1307, 1310 (11th Cir. 1999). *See also* 4 J. Thomas McCarthy,

14   *McCarthy on Trademarks and Unfair Competition* § 24:20 (4th ed. 2014) (describing this

15   doctrine as "an unnecessarily complicated application of the likelihood of confusion of source or

16   sponsorship test to a particular factual situation"). *See also Natural Footwear Ltd. v. Hart,*

17   *Schaffner & Marx*, 760 F.2d 1383, 1406 (3d Cir.1985) ("Once one has established a common

18   law trademark in a product, the prior use of that trademark will apply as well to the use of the

19   same trademark on related products in ascertaining priority of use." (emphasis omitted)), *cert.*

20   *denied*, 474 U.S. 920, 106 S. Ct. 249, 88 L. Ed. 2d 257 (1985); *May Dep't Stores Co. v. Prince*,

21   200 U.S.P.Q. 803, 808-09 (T.T.A.B.1978) (senior user possesses rights in mark superior to those

22   of "a subsequent user of the same or a similar mark for any goods which purchasers might

23   reasonably be likely to assume emanate from [senior user] in the normal expansion of its

24   business under the mark notwithstanding that the expansion to a particular product might be

LOWE GRAHAM JONES PLLC

subsequent in time to that of another party").

Accordingly, the issue is whether iShow's prior use of the mark NEXTGEN in connection with demonstration homes is sufficiently related to the market for homes sold directly to consumers, such that Lennar's use of the mark NEXTGEN in the latter market is likely to cause confusion as to the source, origin, or sponsorship of Lennar's goods or services.

In this case, there can be no genuine dispute that iShow's prior use of NEXTGEN on demonstration homes was such that "purchasers might reasonably be likely to assume" that Lennar's NEXTGEN Homes "emanate from [iShow] in the normal expansion of its business under the mark notwithstanding that the expansion to a particular product might be subsequent in time . . . ." *May Dep't Stores*, 200 U.S.P.Q. at 808-809. This "priority-determining" likelihood-of-confusion test "does not substitute for the likelihood-of-confusion test that controls whether infringement of the plaintiff's trademark is occurring or has occurred." *Carnival*, 187 F.3d at 1311 n.4. The latter test for likelihood of confusion does not need to be conducted in this case because both parties allege the existence of a likelihood of confusion for purposes of determining liability. *See* Dkt. No. 26 at ¶ 41; Dkt. No. 27 (Amended Counterclaims) at ¶ 17. Instead, the likelihood-of-confusion test necessary for determining priority looks at conditions existing at the time Lennar started using NEXTGEN, i.e., in 2011 or 2012.

Ninth Circuit courts apply the following eight factors to assess the likelihood of confusion: (1) strength of the protected mark; (2) proximity and relatedness of the goods; (3) type of goods and the degree of consumer care; (4) similarity of the protected mark and the allegedly infringing mark; (5) marketing channel convergence; (6) evidence of actual consumer confusion; (7) defendant's intent in selecting the allegedly infringing mark; and (8) likelihood of product expansion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979),

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

abrogated on other grounds by *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003).

The *Sleekcraft* factors are "fluid," a "plaintiff need not satisfy every factor, provided that strong showings are made with respect to some of them." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 631 (9th Cir. 2005). It is "the totality of facts in a given case that is dispositive." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) (internal quotation marks omitted).

In this case, all eight *Sleekcraft* factors support a finding of a likelihood of confusion at the relevant time period.

### 1.    The Strength of the Protected Mark

The NEXTGEN mark is inherently distinctive and therefore a "strong" mark. The mark NEXTGEN is suggestive and not descriptive because it has no common English meaning and it does not immediately convey information about the nature of iShow's goods or services either in whole or in part, "such understanding requires imagination or a mental leap by the consumer, in order to become apparent." *Lahoti v. Vericheck, Inc.*, 708 F. Supp. 2d 1150, 1162 (W.D. Wash. 2010) (finding composite mark VERICHECK inherently distinctive for electronic payment transaction processing services) affirmed, 636 F.3d 501 (9th Cir. 2011).

### 2.    Proximity and Relatedness of the Goods

The goods advertised and marketed under the NEXTGEN mark by both parties are highly related, if not identical in certain contexts. For example, both parties use the mark NEXTGEN on homes. While it is true that the most of iShow's use of the mark NEXTGEN has been on

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 14
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

"demonstration homes," it is nevertheless a fact that both parties are using the mark on homes. An important fact here is that iShow's demonstration homes have *not* all been built for exhibition at a tradeshow. *See supra* § II.B (discussing evidence attached to Barnett Decl. at Exhs. T, U, and W). iShow has built demonstration homes onsite in Washington State, Florida, and Nevada. *See id.* Further, iShow's NEXTGEN demonstration homes were (in most cases), sold or donated to home owners, making these identical in kind to those offered by Lennar. *See* Barnett Decl. at ¶ 25 and Exh. R and Exh. S.

### 3.    Type of Goods and the Degree of Consumer Care

While it is generally true that for more expensive services and goods, the degree of consumer care will be higher, the Ninth Circuit recognizes "that confusion may often be likely even in the case of expensive goods sold to discerning customers." *Brookfield, Commc'ns*, 174 F.3d at 1060. In this case, the goods are such that the class of buyers will include both highly sophisticated buyers and buyers who are less sophisticated. In mixed buyer cases, "'the standard of care to be exercised by the reasonably prudent purchaser will be equal to that of the least sophisticated consumer.'" *Id.* (quoting *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 283 (3d Cir. 1991)). Accordingly, this factor is neutral or weighs slightly in favor of a likelihood of confusion.

### 4.    Similarity of the Protected Mark and the Allegedly Infringing Mark

Both parties are using nearly identical marks. Lennar usually puts a space between "next" and "gen" and iShow typically uses the single word NEXTGEN. *See generally* Dkt. Nos. 26 and 27. Both parties use a number of additional words or phrases along with NEXTGEN (e.g., "Companion Homes" "Home Within a Home" "Home Experience"), *see id.*, however, at all

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

relevant times, the dominant commercial impression of the mark as used by both parties is the word NEXTGEN, *see supra* § II.E (discussing Barnett Decl. at ¶ 39). *See also* Barnett Decl. Exh. CC. (Lennar's specimen of use) and Exhs. I (showing examples of use by iShow of the mark NEXTGEN in 2011) and J (same except the examples are from 2012).

### 5.      Marketing Channel Convergence

The parties are in the same or highly similar marketing channels. For example, both participate at tradeshows, including the annual International Builders Show during the relevant time period of 2011 and 2012. *See id.* at ¶ 40 (identifying Lennar participants at IBS). *See also* Exh. GG (Lennar's Response to Interrogatory No. 9). Both parties market directly to consumers through various consumer-directed media, including online, print, and video. *See id.* at ¶ 8. *See also id.* at Exh. B at ISOW001661- ISOW001662 (listing press for a NEXTGEN Home); Exhs. EE (including both Lennar's and iShow's use of NEXTGEN on social media); FF (including screen shots of a consumer-focused video marketing Lennar's NEXTGEN homes); AA (including iShow's historical use of online video to advertise NEXTGEN homes); and BB (including iShow's use of NEXTGEN on www.nghtv.com). Both parties make extensive use of outdoor signage on the homes themselves. *See*, *e.g.*, Barnett Decl. at Exhs. A-D (including images of iShow's NEXTGEN homes with banners at ISOW000040; ISOW001612; and ISOW000489-490); Exh. DD at ISOW008463 (image of a Lennar' NEXTGEN sign outside of a development near Mesa, AZ).

For its part, iShow's use of the NEXTGEN mark in media targeted directly to the consumer channel (i.e., potential home buyers) is probably greater in scope than Lennar's. *See* Barnett Decl. ¶¶ 8, 31, 35-36 and Exhs. AA and BB. Every iShow demonstration home includes extensive direct-to-consumer advertising and marketing. *Id.* Exhs. A-Q. This is part of the value

LOWE GRAHAM JONES ᴾˡˡᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

iShow provides sponsors, i.e., the chance to be seen by consumers inside a NEXTGEN home. *Id.* ¶¶ 5-8.

### 6.      Actual Confusion

There have been several instances of actual confusion. *See id.* at ¶ 41 and Exh. DD. One instance of actual confusion is from April 2012, evidenced by an email from Paul Barnett of iShow responding to an inquiry from a realtor. *See id.* at ISOW008458. The realtor's response to Mr. Barnett suggests that she had seen information about one of Lennar's NEXTGEN communities and contacted iShow for more information. For example, the inquiry to iShow about NEXTGEN homes was in response to seeing something "on the news," about NEXTGEN homes that were for sale in Arizona. Mr. Barnett explains in his declaration that iShow had no NEXTGEN homes for sale in Arizona. *Id.* at ¶ 41. Accordingly, the only reasonable inference is that this realtor saw something "on the news" about a Lennar NEXTGEN community and mistakenly contacted iShow.

Other instances of actual confusion (that have surfaced so far) have been from this year, 2016. *See id.* Exh. DD at ISOW008459-8463 and ISOW008456-8457. While recent, these instances of actual confusion are nevertheless relevant to whether confusion was likely in 2011 or 2012; this is because iShow's use of the mark NEXTGEN in recent years is not substantially different from iShow's use in 2011 or 2012 when Lennar entered the market. *See id.* at ¶ 46. For example, in 2011 or 2012, iShow was using the mark NEXTGEN on demonstration homes, just as it continues to do now. *See id* at Exhs. I (2011), J (2012), Q (2011), V (2012), M (2015) and N (2016). Furthermore, by the time Lennar entered the market in 2011 or 2012, iShow had already begun jointly marketing NEXTGEN homes directly to consumers with others, including Brownstone in 2006, *see* Brown Decl. ¶¶ 2-11; *see also* Barnett Decl. Exh. X, and Martin

LOWE GRAHAM JONES ᴘʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Architectural Group in 2011 and 2012, *see id* at Exh. Y at ISOW004549-4550; ISOW004553; and ISOW002245-2262; *see also* Exh. J at ISOW000564; 4391; and 4397. This joint marketing of NEXTGEN homes directly to consumers continues now with builder Palm West, *see id.* Exh. Y at ISOW005322 and ISOW005401, *see id* at ¶¶ 33 and 46.

### 7.    Lennar's Intent in Adopting the Mark

As for Lennar's intent in adopting the mark, Lennar has (so far) declined to answer contention interrogatories seeking information about this. *See id.* Exh. GG (Response to Interrogatory No. 7). Further, Lennar has refused to produce an opinion of counsel for the purpose of establishing good-faith adoption of the mark. *See id* Exh. HH (Response to Request for Production No. 19). One fact is clear: Lennar knew about iShow's prior use of NEXTGEN on demonstration homes when it appropriated the mark for itself. *See id.* at ¶ 40. iShow's records evidence visits by high-level Lennar employees to iShow's demonstration homes at IBS at times well before Lennar ever used the mark NEXTGEN. *Id.* Lennar admits it knew about iShow's use of NEXTGEN at trade shows as early as 2011. *See id.* Exh. GG (Response to Interrogatory No. 8).

### 8.    Likelihood of Expansion

Since 2003, beginning with iShow's first demonstration home at the Stardust, iShow has intended to extend its use of the NEXTGEN brand to homes offered directly to consumers. *See id.* at ¶ 33. This is a natural expansion from iShow's use on demonstration homes given the wide appeal NEXTGEN homes enjoy with consumers and given the fact that all of iShow's NEXTGEN demonstration homes have been marketed extensively to consumers. *See id.* A number of builders and architects have teamed up with iShow since 2006 to offer NEXTGEN

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 18
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

homes directly to consumers. *See id. See also* Brown Decl., ¶¶ 2-8 and Exhs. A-F. Jim Brown of Brownstone stated that as of 2006, he "was personally familiar with the NEXTGEN brand" and that his company "Brownstone decided to license use of the NEXTGEN brand . . . due in-part to the brand's reputation for quality, and the brand's association with the latest in home-design, building materials, and in-home technologies." *Id.* at ¶ 5.

iShow's expansion into the consumer market also grew naturally out of iShow's history of partnering with builders on demonstration homes. *See*, *e.g.*, Barnett Decl. at Exh. Z at ISOW002572 (identifying Genesis, NEXTGEN's "Official Builder"). Many demonstration homes have had sponsored builders or "builder partners," and several builders have advertised their NEXTGEN builder-status to consumers. *See id* at ¶¶ 33-34 and Exh. Z. With builders purchasing sponsorships to be featured as NEXTGEN builders, expansion of iShow's NEXTGEN brand from demonstration homes into homes offered directly to consumers can only reasonably be considered "natural."

Arguably, iShow's licensed use of the mark NEXTGEN to Brownstone in 2006 qualifies by itself as a bona fide "use in commerce" sufficient to establish priority in favor of iShow. This use by iShow of the mark NEXTGEN is directly competitive to the use by Lennar. While the Brownstone venture ultimately failed, and only a single house was ever built at this first certified NEXTGEN planned community, and while iShow has (so-far) not sold a NEXTGEN home outside of the demonstration-home setting, *see id.* at ¶ 33, "trademark rights can vest even before any goods or services are actually sold if 'the totality of [one's] prior actions, taken together, [can] establish a right to use the trade-mark.'" *Brookfield Commc'ns*, 174 F.3d at 1052 (quoting *New West Corp. v. NYM Co. of Calif., Inc.*, 595 F.2d 1194 (9th Cir. 1979)). Here, iShow's venture with Brownstone, *see* Barnett Decl. Exh. X, and iShow's subsequent efforts to jointly

market homes directly to consumers since 2006, *see id.* at ¶ 33 and Exhibit Y, evidence a bona fide use of the NEXTGEN mark in commerce in connection with homes marketed directly to consumers.

Setting aside the fact that iShow's efforts since 2006 to market homes directly to consumers may by itself establish priority, for the purposes of this motion, the Court need only consider these efforts in connection with the eighth *Sleekcraft* factor, i.e., likelihood of product expansion. *See* 599 F.2d at 354. The mere fact that iShow has reached agreements with builder partners to offer NEXTGEN homes directly to consumers evidences a high likelihood of expansion from the market for demonstration homes into the market for homes offered directly to consumers. This is true regardless of the success or failure of any particular venture.

### D.   Case Analysis Supports a Finding in Favor of iShow on Summary Judgment

Cases on similar facts support a finding in favor of iShow. In *J.C. Penny Co. v. Security Tire & Rubber Co.*, 382 F. Supp. 1342, 1344 (E.D. Va. 1974), a senior user of the mark SCAT-TRAC on bicycle tires had the right to expand into the market for automotive tires. *Id.* (calling plaintiff's expansion from bicycle tires to automotive tires "a logical one"). Similarly, in *Rosenthal A.G. v. Ritelite, Ltd.*, 986 F. Supp. 133, 145 (E.D. N.Y. 1997), a senior user of the mark ROSENTHAL on china, dinnerware, glassware, and flatware, had right to expand into the market for Jewish religious items, including seder plates and kiddush cups. *Id.* (finding intervening use by seller of Judaica items infringing). *See also C.A.E., Inc. v. Clean Air Engineering, Inc.*, 267 F. 3d 660, 681 (7th Cir. 2001) (finding senior use of mark CAE on testing and measuring equipment sufficient to confer superior rights in market for air pollution monitoring and testing services); *Jaguar Cars Ltd. v. Skandrani*, 771 F. Supp. 1178, 1184 (S.D.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 20
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Fla. 1991) (finding that a senior user on cars had superior rights to the mark JAGUAR when it expanded into cologne after an intervening user had sold cologne in association with the mark).

## IV.   CONCLUSION

iShow has clearly used the mark NEXTGEN on demonstration homes since long before Lennar entered the market. Given the nature of iShow's lengthy and continuous prior use on demonstration homes and the relatedness of this market to the consumer market, as well as other important factors relevant to a finding of likelihood of confusion, such as the similarity of the marks, the similarity of the parties marketing channels, and other important factors, no reasonable juror could find that Lennar has superior rights in the NEXTGEN mark. Accordingly, the Court should grant summary judgment in favor of iShow on all claims, leaving only the issue of damages and the scope of injunctive relief for further consideration by the Court.

DATED this 29th day of September, 2016.

LOWE GRAHAM JONES PLLC

s/ Mark P. Walters
Attorney, WSBA No. 30819
*Walters@LoweGrahamJones.com*
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

*Attorneys for Plaintiff iShow.com.*

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 21
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## CERTIFICATE OF SERVICE

I, Laurie Gero, hereby certify that I am an employee of Lowe Graham Jones PLLC and that on September 29, 2016 I electronically filed the foregoing with this **CERTIFICATE OF SERVICE** with the Clerk of the Court using the CM/ECF system, which upon information and believe will send notification of such filing to the following attorneys of record:

Christopher E. Hawk, WSBA No. 43307
GORDON & REES LLP
121 SW Morrison, Suite 1575
Portland, OR 97204
Ph: (503) 222-1075
Fax: (503) 616-3600
Email: chawk@gordonrees.com


*Attorneys for Defendants Lennar Corporation and*
*Lennar Pacific Properties Management, Inc.*

s/Laurie Gero
Laurie Gero, Paralegal

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P13 MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301