THE HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

| | |
|---|---|
| iShow.com, Inc., | Civil Action No. 2:15-cv-01550-RSL |
| Plaintiff, | REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| Lennar Corporation, and Lennar Pacific Properties Management, Inc. | **Note on Motion Calendar: <u>October 28, 2016</u>** |
| Defendants. | <u>**ORAL ARGUMENT REQUESTED**</u> |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2

## <u>TABLE OF CONTENTS</u>

Table of Contents………………………………………………………………………...………... i

Table of Authorities……………………………………………………………………...…….. ii

I.    INTRODUCTION .......................................................................................................... 1

II.    ANALYSIS .................................................................................................................... 1

   A.    The Court Should (Again) Reject Lennar's Reliance on The Parties' Prior Trademark Opposition ......................................................................................... 1

     1.    Lennar Reliance on iShow's Voluntary Dismissal of the Trademark Opposition RemainsUnreasonable ................................................................. 2

     2.    Lennar's Alleged Prejudice is Far Too General ................................................. 3

     3.    Lennar's Knowledge of the Infringement Precludes Laches as a Defense ....... 4

   B.    Lennar's Response Fails to Raise a Disputed Issue of Fact on Priority ................ 5

     1.    The Mark NEXTGEN is Inherently Distinctive as a Matter of Law ................ 6

     2.    Lennar's Analysis of the Case Law is Misplaced ............................................. 9

     3.    Lennar's Analysis of the Related Goods Doctrine is Unsupported by Evidence …………………………………………………………………...…………...10

          a. Strength of the Mark…………………………………………...……………11

          b. Proximity of Goods…………………………………………...……………..11

          c. Type of Goods/Degree of Consumer Care…………………………………11

          d. Similarity of the Marks……………………………………………………12

          e. Marketing Channels………………………………………...………………12

          f. Actual Confusion…………………………………………………………....12

          g. Intent……………………………………...………………………………12

          h. Likelihood of Expansion……………………………………………………12

Certificate of Service

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - i
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) ...................... 2

*Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.*, 350 F. Supp. 1341 (E.D. Pa. 1972) ............................................................................................................................................ 3

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) .............................................. 5, 10, 12

*Chrysler Corp. v. Vanzant*, 44 F. Supp. 2d 1062 (C.D. Cal. 1999) ............................................. 10

*Estrella v. Brandt*, 682 F.2d 814 (9th Cir. 1982) ........................................................................ 11

*Fifty-Six Hope Road Music, Ltd. v. AVELA, Inc.*, 778 F.3d 1059 (9th Cir. 2015) .................. 5, 12

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143 (9th Cir. 1999) .......... 7

*Gaudreau v. Am. Promotional Events, Inc.*, 511 F.Supp.2d 152 (D.D.C. 2007) ........................... 3

*Golden West Brewing Co. v. Milonas & Sons*, 104 F.2d 880 (9th Cir. 1939) ............................... 2

*In re Patent & Trademark Servs. Inc.*, 49 U.S.P.Q.2d 1537 (T.T.A.B. 1998) .............................. 8

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985 (9th Cir. 2009) ....... 3

*Johanna Farms, Inc. v. Citrus Bowl, Inc.*, 468 F. Supp. 866 (E.D.N.Y. 1978) ............................ 2

*Kerzner Int'l, Inc. v. Monarch Casino & Resort, Inc.*, 675 F. Supp. 2d 1029 (D. Nev. 2009) ..... 10

*Lahoti v. Vericheck*, 586 F.3d 1190 (9th Cir. 2009) ("Lahoti I") ....................................... 6, 7, 8, 9

*Lahoti v. Vericheck, Inc.*, 708 F. Supp. 2d 1150 (W.D. Wash. 2010) ("Lahoti II") ................... 6, 7

*Lahoti v. Vericheck, Inc.*, 636 F.3d 501 (9th Cir. 2011) ("Lahoti III") ..................................... 6, 9

*Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352 (9th Cir. 1985) ......................................... 10

*Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400 (9th Cir. 1993) .................................................. 5

*McLean v. Fleming*, 96 U.S. 245 (1878) ....................................................................................... 2

*Menendez v. Holt*, 128 U.S. 514 (1888) ........................................................................................ 5

*National Lead Co. v. Wolfe*, 223 F.2d 195 (9th Cir. 1955) ........................................................... 5

*Smith Int'l. Inc. v. Olin Corp.*, 1981 TTAB LEXIS 47 (TTAB 1981) ........................................ 11

*Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981 (9th Cir. 2010) ...................................................................................................................................... 3



*Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609 (7th Cir. 1965) ........................................ 4

*TransWorld Airlines, Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676 (9th Cir. 1990) .... 3

*U.S. Search, LLC v. U.S. Search.com Inc.*, 300 F.3d 517 (4th Cir. 2002).................................... 9

*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925 (9th Cir. 2005) .. 9

**STATUTES**

15 U.S.C. § 1125(a) ................................................................................................................. 8

**TREATISES**

6 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:19 ...... 2

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - iii
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

2

## I.    INTRODUCTION

3

Defendants Lennar Corporation's and Lennar Pacific Properties Management, Inc.'s

4

(collectively "Lennar") Response, Dkt. No. 35, fails to raise a genuine issue of material fact. The

5

Court should grant plaintiff iShow.com, Inc.'s ("iShow") motion for summary judgment.

6

## II.    ANALYSIS

7

### A.    The Court Should (Again) Reject Lennar's Reliance on The Parties' Prior Trademark Opposition

8

9

Lennar asserts that the parties were involved in a trademark opposition at the USPTO that

10

ended September 5, 2012 after iShow voluntarily dismissed its trademark opposition. Dkt. No.

11

35 (Response) at 2:6-18. Lennar cited iShow's voluntary dismissal of this trademark opposition

12

as support for a motion to dismiss on *res judicata* grounds, which the Court correctly denied in

13

relevant part on April 29, 2016. Dkt. No. 22. Now, Lennar recasts these same facts into a new,

14

inadequately pleaded,[1] laches defense. According to this new defense, Lennar allegedly

15

"invested millions of dollars in advertising and has generated billions of dollars in gross sales"

16

since iShow dismissed its opposition with prejudice in 2012. Dkt. No. 35 at 16. But Lennar has

17

no viable laches defense.

18

19

In evaluating a potential laches defense, it is important to note that "[t]he senior user has

20

no obligation to sue until 'the likelihood of confusion looms large' and certainly, 'one cannot be

21

guilty of laches until his right ripens into one entitled to protection.'" 6 J. THOMAS MCCARTHY,

22

23

24

[1] If the adequacy of Lennar's pleading is to be judged by the same standard that iShow's was in the Court's order dismissing iShow's laches defense, Dkt. No. 22 at 4-6, then there can be no question that Lennar has failed to adequately plead laches as required by Fed. R. of Civ. P. 8(c). Lennar's laches defense epitomizes the bare-bones approach to pleading, alleging only that "Plaintiff's claims for relief are barred in whole or in part, by the doctrine of laches, prosecution laches, waiver, estoppel, and/or unclean hands." Dkt. No. 27 at ¶ 47. However, Ninth Circuit law permits a litigant to raise affirmative defenses for the first time on summary judgment so long as there is no prejudice caused by the delay. *See, e.g., Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). iShow does not assert prejudice in this case because Lennar's laches defense is easily disposed of on the merits.

25

26

27

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 1
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:19 at 31-61-62 (quoting *Johanna Farms, Inc. v. Citrus Bowl, Inc.*, 468 F. Supp. 866, 881 (E.D.N.Y. 1978) and collecting cases at n.2). In this case, iShow sued in response to Lennar's cease and desist letter. Dkt. No. 1, Exh. A. iShow later amended its complaint to add affirmative claims for trademark infringement. Dkt. No. 26. The evidence indicates iShow was concerned about infringement in 2011, Dkt. Nos. 37 (Lumpkin Decl.) Exh. 2, and that at least one of its customers expressed confusion in 2012, Dkt. No. 32 (Barnett Decl.) Exh. DD. However, there is no evidence of record that iShow was aware in 2012 that the likelihood of confusion "loom[ed] large" or that iShow had any knowledge of the nature or extent of Lennar's use of the mark NEXTGEN.

The burden to prove laches is Lennar's. *A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1045 (Fed. Cir. 1992). If proven, laches might bar an accounting of profits but case law indicates the defense rarely serves as a bar to injunctive relief, particularly where there is proof of infringement. *See, e.g.*, *McLean v. Fleming*, 96 U.S. 245, 253, 24 L. Ed. 828 (1878); *accord Golden West Brewing Co. v. Milonas & Sons*, 104 F.2d 880, 881-82 (9th Cir. 1939). In this case, Lennar has failed to carry its burden on summary judgment to identify facts that might support a laches defense. For this reason, the defense should be stricken.

### 1. Lennar's Reliance on iShow's Voluntary Dismissal of the Trademark Opposition Remains Unreasonable

Lennar claims "expectation-based" prejudice during the time following iShow's voluntary dismissal of the trademark opposition in 2012. *Id.* at 15. Aware of iShow's objection to Lennar's use of the mark NEXT GEN as early as September 2011, i.e., before Lennar sold any homes under the infringing mark, Lennar essentially claims the it thought the dispute was resolved because iShow voluntarily dismissed the trademark opposition. *Id.* This argument lacks merit because, as the Court has already determined, iShow's voluntary dismissal had no *res judicata* effect. Dkt. No. 22. Accordingly, any reliance on this event to conclude that the matter had been resolved was manifestly unreasonable. Under Ninth Circuit law, "undue prejudice

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 2
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

requires some reliance on the absence of a lawsuit." *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981, 988, 96 U.S.P.Q.2d 1568 (9th Cir. 2010). And that reliance must be reasonable under the circumstances. *See TransWorld Airlines, Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676, 695 (9th Cir. 1990).

Lennar's investment in the NEXT GEN brand after notice of iShow's rights and following iShow's unresolved allegations of priority and likelihood of confusion was at Lennar's own risk. An investment upon an adversary's affirmative conduct or statement indicating an intent not to file a lawsuit is one thing, *see Seller Agency*, 621 F.3d at 988, but it is quite another thing for an investment to be made with full knowledge that your adversary's infringement claims remain unresolved. Here, Lennar did the latter.

Additionally, a prior opposition at the USPTO is typically sufficient to excuse any subsequent delay in filing an infringement action. "Numerous courts have recognized that pursuing an opposition in the USPTO excuses a delay in filing suit on a Lanham Act claim." *Gaudreau v. Am. Promotional Events, Inc.*, 511 F.Supp.2d 152, 159 (D.D.C. 2007) (collecting cases). "While a successful opposition only acts to prevent registration and not use, as a practical matter, it puts the defendant on notice that, at least, the plaintiff is not going to 'sleep on its rights,' and indeed, in our view, goes even further and puts the defendant on notice that the opposer also protests its use of the confusingly similar mark." *Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.*, 350 F. Supp. 1341, 1367 (E.D. Pa. 1972).

### 2.    *Lennar's Alleged Prejudice is Far Too General*

Lennar offers no evidence of prejudice beyond some very generalized statements that "Lennar has spent millions of dollars on advertising its NEXT GEN homes." Dkt. No. 37 (Lumpkin Del.) ¶ 14. Under Ninth Circuit law, such non-specific claims, devoid of any evidence supporting an attempt by Lennar to build a business around the trademark, are insufficient to support a laches defense. *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 3
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

985, 991 (9th Cir. 2009). It is not enough for Lennar to allege that its sales in connection with the trademark grew or that it spent money on advertising. *Id.* (reasoning that "prejudice in this context is not so simple.") "'If this prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case of delay.'" *Id.* (quoting *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 615 (7th Cir. 1965)). "Laches is meant to protect an infringer whose efforts have been aimed at 'build[ing] a valuable business *around its trademark*' and 'an important reliance *on the publicity of [its] mark*.'" *Id.* (emphasis in original) (internal quotation marks omitted) (quoting 6 McCarthy on Trademarks and Unfair Competition § 31:12). Absent more specific evidence of prejudice resulting from the alleged delay, Lennar has no laches defense.

### 3.    *Lennar's Knowledge of the Infringement Precludes Laches as a Defense*

There is no dispute that Lennar knew about iShow's trademark rights before it ever sold a NEXT GEN home. Dkt. No. 37 (Lumpkin Decl.) at ¶¶ 3-4. There is also evidence indicating that Lennar was well aware of iShow's builder partnerships and joint-marketing efforts to sell NEXTGEN homes directly to consumers. For example, Lennar representatives actually visited iShow's NEXTGEN homes at various times from 2004 to 2012. Dkt. No. 32 (Barnett Decl.) ¶ 40. Further, iShow's use of the NEXTGEN mark on and in association with demonstration homes has been widespread since 2003. *Id.* at ¶ 4 and Exh. A. Over 200,000 people have visited iShow's NEXTGEN homes and the homes have had over 100 million media impressions. *Id.* at ¶ 31. Builders like Lennar have been partnering with iShow to build NEXTGEN homes since 2003. *Id.* at ¶¶ 33-37 and Exhs. Y-BB. James Brown of Brownstone Builders stated that "Brownstone decided to license use of the NEXTGEN brand on its homes in 2006 due in-part to the reputation of the brand for quality, and the brand's association with the latest in home-design,

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 4
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

building materials, and in-home technologies." Dkt. No. 33 (Brown Decl.) at ¶ 5.

In the Ninth Circuit, willful trademark infringement is supported by evidence indicating "'awareness of . . . competitors and . . . actions at those competitors' expense.'" *Fifty-Six Hope Road Music, Ltd. v. AVELA, Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) (quoting *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993)). Willful infringement is a complete bar to a laches defense. *See Menendez v. Holt*, 128 U.S. 514, 523 (1888); *National Lead Co. v. Wolfe*, 223 F.2d 195, 202 (9th Cir. 1955). In response to iShow's evidence of willful infringement it was incumbent upon Lennar to identify evidence that might support a finding of good faith. As iShow pointed out in its Motion, Lennar refused to answer contention interrogatories asking for such evidence. *See* Dkt. No. 31 at 18 (citing Lennar's objections to iShow's contention interrogatories).

**B.    Lennar's Response Fails to Raise a Disputed Issue of Fact on Priority**

Lennar's Response offers a series of arguments in an attempt to create a genuine issue of material fact concerning whether a likelihood of confusion existed in October 2011, when Lennar first used the mark NEXT GEN. Dkt. No. 35 at 4-13. These arguments are (1) that iShow's mark NEXTGEN is not "inherently distinctive," (2) that the mark NEXTGEN did not acquire distinctiveness by October 2011 and therefore could not establish priority under the "natural expansion" doctrine, and (3) that the eight factors from *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) weigh against a finding of likelihood of confusion. Each argument is misplaced.

As a preliminary matter, Lennar's Response (particularly the three arguments identified in the previous paragraph) contradicts Lennar's earlier position in this case that a likelihood of

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 5
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

confusion exists in view of iShow's use of the mark NEXTGEN. Dkt. No. 27 at ¶ 17. This is because the parties agree that iShow's current use of NEXTGEN does not differ in any material way from how iShow has consistently used that mark since 2006, i.e., when iShow started offering NEXTGEN homes directly to consumers. *Compare* Dkt. No. 32 (Barnett Decl.) ¶ 33-34; Dkt. No. 33 (Brown Decl. ¶¶ 2-13) *with* Dkt. No. 35 at 11 (agreeing that iShow has used the mark for 10 years but that sales have been limited to the demonstration home context). On this record, if a likelihood of confusion exists now as Lennar alleges, then one certainly existed on October 2011 because nothing material has changed in the interim. Setting aside Lennar's conflicting legal position, none of its arguments is sufficient to create a genuine issue of material fact on the threshold issue of priority.

### 1.    The Mark NEXTGEN is Inherently Distinctive as a Matter of Law

Suggestive, arbitrary, or fanciful marks are "inherently distinctive," and therefore entitled to trademark protection, whereas a mark that is "merely descriptive" can only be protected when it has acquired distinctiveness or "secondary meaning." *Lahoti v. Vericheck*, 586 F.3d 1190, 1197 (9th Cir. 2009) ("Lahoti I"). Despite having secured its own federal registration for the mark NEXT GEN in association with "real estate planning and development services" among other real estate services in Classes 36 and 37 without having to prove secondary meaning, Dkt. No. 37 Exh. 1, Lennar asserts that the mark NEXTGEN when used by iShow on "demonstration homes" and real estate advertising and marketing services is not inherently distinctive. Dkt. No. 35 at 7-8.

Lennar argues that the mark NEXTGEN is unlike the mark VERICHECK, which this Court, on remand from the Ninth Circuit's decision in *Lahoti I*, found suggestive. *Lahoti v. Vericheck, Inc.*, 708 F. Supp. 2d 1150, 1162 (W.D. Wash. 2010) ("Lahoti II") *aff'd* 636 F.3d 501 (9th Cir. 2011) ("Lahoti III"). Lennar's reasoning is conclusory and unsupported. Dkt. No. 35 at 8. The *Lahoti* series of cases are on all fours with this one.

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 6
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1   In *Lahoti I*, the Ninth Circuit remanded with instructions that this Court reconsider its

2   earlier ruling that the mark VERICHECK was suggestive and thus "inherently distinctive" when

3   used in connection with "check verification" services. 586 F.3d at 1193. On remand, this Court

4   again concluded that the mark VERICHECK was inherently distinctive. *Lahoti II*, 708 F. Supp.

5   2d at 1162. Affirming, the Ninth Circuit rejected an argument that the mark VERICHECK was

6   merely descriptive because the word "veri" was a common abbreviation for the word "verify"

7   and that the services in question were check verification services. *See* 636 F.3d at 506.

8   Additionally, the Ninth Circuit found that a third-party's federal registration of a virtually

9   identical mark for virtually identical services was relevant evidence of distinctiveness. *Id.*

10   Lennar appears to make some of the same erroneous arguments that were rejected by the

11   *Lahoti* series of cases. For example, Lennar argues that NEXTGEN means "next generation,"

12   citing several third-party registrations in an effort to show that the mark is merely descriptive.

13   Dkt. No. 35 at 8. But Lennar's third-party registration evidence is irrelevant and inadmissible

14   without evidence identifying the goods and services for which each mark was registered. Dkt.

15   No. 36 (Hawk Decl.) Exhs. A and B. The question whether a particular mark is inherently

16   distinctive asks "'if imagination or a mental leap is required in order to reach a conclusion as to

17   the nature of the product [or service] being referenced.'" *See Lahoti I*, 586 F.3d at 1198 (internal

18   quotation marks omitted) (quoting *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*,

19   198 F.3d 1143, 1147 n.3 (9th Cir. 1999)). Without evidence associating each mark cited by

20   Lennar with a particular good or service, the fact finder can draw no relevant conclusion from

21   this evidence. The same can be said about Lennar's proffered Internet search results. Dkt. No. 36

22   (Hawk Decl.) Exh. C. These results are irrelevant and inadmissible because they fail to show use

23   of a particular trademark on particular goods or services in context. [2] *See Lahoti I*, 586 F.3d at

24

25

26   [2] Pursuant to Local Rule 7(g), iShow respectfully MOVES TO STRIKE the Declaration of Chris Hawk,
Dkt. No. 36, and it Exhibits A-C on the grounds that the evidence is not relevant and prejudicial, Fed. R. of Evid.

27   401/403.

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 7
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1201 (holding that "[c]ontext is critical to a distinctiveness analysis").

Similarly, Lennar states that iShow "has not provided any evidence of what the relevant market is," as if to suggest there is a single "relevant market." Dkt. No. 35 at 4. The salient inquiry is not focused on a single market, but on particular goods and services, namely iShow's goods and services because the issue here is whether iShow's prior use of the mark NEXTGEN was sufficient to establish priority at the time Lennar entered the market in October 2011. Dkt. No. 31 at 13:2-6.

Lennar makes a related argument here that seems to suggest that iShow's claim for trademark infringement is (or should be) limited to iShow's trademark registration, U.S. Trademark No. 3,385,426 for NEXTGEN HOME EXPERIENCE in Class 35 ("Product demonstration for the residential construction and consumer electronics industries"). But it is important to note that iShow's claim for trademark infringement is not limited to rights conferred by this registration. iShow asserts trademark infringement and false designation of origin based on its prior use of the mark NEXTGEN on demonstration homes and related services and the law does not require registration. *See* Dkt. No. 26 at ¶¶ 40-43 (citing 15 U.S.C. § 1125(a)).

When assessing the strength of a particular mark, "[t]he mark must be evaluated as if it were 'seen on the goods or services,' which means the mark must be examined in the industry context rather than in the abstract." *See Lahoti I*, 586 F.3d at 1201 (quoting *In re Patent & Trademark Servs. Inc.*, 49 U.S.P.Q.2d 1537, 1539 (T.T.A.B. 1998)). The goods offered by iShow can be fairly summarized as "demonstration homes" and iShow's services can be fairly summarized as advertising and marketing services in the fields of residential construction and real estate. *See generally* Dkt. No. 32 (Barnett Decl.). iShow has submitted substantial evidence showing how it used the mark NEXTGEN in association with demonstration homes as well as iShow's advertising and marketing services in the residential construction and real estate fields.

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*See id.* On this evidence, no reasonable fact finder could conclude that the mark NEXTGEN is "merely descriptive" of iShow's demonstration homes or of iShow's advertising and marketing services.

As the Ninth Circuit explained in *Lahoti I*, "a mark is descriptive if it 'define[s] a particular characteristic of the product in a way that does not require any exercise of the imagination.'" 586 F.3d at 1198 (quoting *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005)). Here, the mark NEXTGEN requires imagination before a consumer can conclude that it defines any characteristic of iShow's goods or services.

The mark NEXTGEN is suggestive for precisely the same reasons that the Ninth Circuit found the mark VERICHECK suggestive, i.e., the consumer is required to separate the mark NEXTGEN into its component parts "next" and "gen" and then reason that "gen" is short for "generation" and then further reason that iShow's demonstration homes include "next generation" products, designs, technologies, or building materials. *See Lahoti III*, 636 F.3d at 508 (reasoning "consumers must separate 'veri' from 'check' and reason that 'veri' is short for 'verification services.'"). Similar cases are in accord. *Id.* (collecting similar cases).

Finally, Lennar's own federal registration of the mark NEXT GEN is evidence that iShow's highly similar mark (NEXTGEN) is distinctive when used in connection with demonstration homes and real estate advertising and marketing services. *Lahoti I*, 586 F.3d at 1199-1200. "[N]early identical marks used for similar products may be viewed in a common light when the PTO has found one of them to be suggestive." *Id.* at 1200 (citing *U.S. Search, LLC v. U.S. Search.com Inc.*, 300 F.3d 517, 524 (4th Cir. 2002)).

>    **2.    *Lennar's Analysis of the Case Law is Misplaced***

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 9
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Lennar suggests that "federal court decisions on the 'related goods' or 'natural expansion' doctrine are against iShow," and that "Ninth Circuit courts have consistently construed the 'related goods' or 'natural expansion' doctrine narrowly." Dkt. No. 35 at 10. But Lennar's analysis is based on a false premise that iShow must establish secondary meaning in the mark NEXTGEN. *Id.* As explained above, the mark NEXTGEN is inherently distinctive, so the cases cited by Lennar, including *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352 (9th Cir. 1985) and *Chrysler Corp. v. Vanzant*, 44 F. Supp. 2d 1062 (C.D. Cal. 1999) are inapposite. Moreover, Lennar fails to address cases cited in iShow's opening brief finding priority based on the natural-expansion doctrine. Dkt. No. 31 at 20-21 (collecting cases).

The only case cited by Lennar applying the natural-expansion doctrine that is not a secondary meaning case is *Kerzner Int'l, Inc. v. Monarch Casino & Resort, Inc.*, 675 F. Supp. 2d 1029 (D. Nev. 2009). In *Kerzner*, the District of Nevada declined to award priority in the market for casino gaming services based on prior use in restaurant services. *Id.* at 1035. The decision in *Kerzner* rested on evidence strongly suggesting that casino gaming services are not closely related to restaurant services. *Id.* at 1035-36 (reasoning that "Monarch's expert could cite only six of 270 casinos in Nevada with revenue of more than a million dollars that started out as restaurants"). No similar evidence exists in this case. In fact, the evidence of record only suggests that iShow's demonstration home business has always been closely related to the business of designing and selling homes directly to consumers. *See* Dkt. No. 33 (Barnett Decl.) ¶¶ 8, 33, 34 and Exhs. Y and Z.

        **3.**      *Lennar's Analysis of the Related Goods Doctrine is Unsupported by Evidence*

Lennar's Response discusses each of the *Sleekcraft* factors, claiming that they support a

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    finding in favor or Lennar. But Lennar offers no evidence, relying mostly on arguments of

2    counsel, which largely misconstrue the evidence. It is axiomatic that a party cannot defeat

3    summary judgment in reliance on arguments of its counsel. *Estrella v. Brandt*, 682 F.2d 814,

4    819-20 (9th Cir. 1982).

5                    *a.   Strength of the Mark*

6            Lennar claims (without evidentiary support) that the mark NEXTGEN is not inherently

7    distinctive. This is wrong as a matter of law as discussed *supra* at § II.B.1.

8                    *b.   Proximity of the Goods*

9            Lennar claims that "iShow does not build homes." This is misleading. The evidence

10   indicates that iShow has produced dozens of demonstration homes over the years, even acting as

11   its own developer in 2009. *See* Dkt. No. 33 (Barnett Decl) at ¶ 30. While it is true that iShow has

12   partnered with builders to actually build the homes, and in many cases permitted builders to use

13   a designation such as "Approved NEXTGEN Builder," there is no question iShow was the

14   source or origin of these demonstration homes, which makes iShow the owner of all goodwill

15   associated with the brand NEXTGEN as used on demonstration homes. Accordingly, any

16   licensed use of the NEXTGEN mark by builders or others inures to the benefit of iShow under

17   the related-company rule. *See Smith Int'l. Inc. v. Olin Corp.*, 1981 TTAB LEXIS 47 at *30, 209

18   USPQ 1033, 1044 (TTAB 1981).

19                   *c.   Type of Goods/Degree of Consumer Care*

20           Lennar's analysis of this point, simply repeats the argument made above, claiming the

21   goods are "substantially different, because iShow offers advertising services while Lennar builds

22   homes." Again, this is misleading. The evidence shows that iShow has used the mark

23   NEXTGEN on dozens of homes, most of which were sold or donated to homeowners. *See* Dkt.

24   No. 33 (Barnett Decl.) at Exhs. A-W.

25                   *d.   Similarity of the Marks*

26           Lennar concedes (as it must) that the marks are similar. Dkt. No. 35 at 12:20-21. Lennar

27   claims the parties use "other identifiers, such as Lennar's 'HOME WITHIN A HOME'" but no

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 11
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 ● F: 206.381.3301

1    evidence shows that these identifiers have any impact on the likelihood of confusion analysis and

2    Lennar fails to address evidence showing that in all relevant cases, the dominant commercial

3    impression of each parties' mark is NEXTGEN or NEXT GEN. *See* Dkt. No. 31 at 15-16.

4            *e.  Marketing Channels*

5        Lennar seems to suggest here that iShow markets exclusively to "builders at tradeshows."

6    The evidence, however, remains undisputed that iShow's marketing is substantially directed at

7    consumers, i.e., potential homeowners. Dkt. No. 32 at ¶ 8.

8            *f.  Actual Confusion*

9        Lennar claims that there is no evidence "among the relevant consumers, the

10   homebuyers." This is again misleading. The type of confusion for which the Lanham Act is

11   designed to prevent is that of a "typical buyer exercising ordinary caution," *see Sleekcraft*, 599

12   F.2d at 353, these can include iShow's customers as well as Lennar's.

13           *g.  Intent*

14       The evidence is sufficient to support a finding of willful infringement as that phrase is

15   defined in the Ninth Circuit, *see supra* at § II.A.3 (citing *Fifty-Six*, 778 F.3d at 1074).

16           *h.  Likelihood of Expansion*

17       Lennar claims that because iShow has not sold a home outside of the demonstration home

18   context, this means iShow is not likely to expand to that market. First, it is important to note that

19   *actual* expansion into a related market is not required. Second, the fact that iShow has been

20   partnering with builders since 2003, that iShow has licensed its NEXTGEN mark to certain

21   builders to provide NEXTGEN homes directly to consumers, and the fact that iShow's

22   advertising and marketing has always been consumer-focused, all make it more likely that iShow

23   will expand into the consumer market. There is no contrary evidence in the record.

24

25

26

27

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 12
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

DATED this 28th day of October, 2016.

2

3

LOWE GRAHAM JONES PLLC

4

s/ Mark P. Walters
Attorney, WSBA No. 30819

5

*Walters@LoweGrahamJones.com*
701 Fifth Avenue, Suite 4800

6

Seattle, Washington 98104
T: 206.381.3300

7

F: 206.381.3301

8

9

*Attorneys for Plaintiff iShow.com.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

## CERTIFICATE OF SERVICE

2

3    I, Laurie Gero, hereby certify that I am an employee of Lowe Graham Jones PLLC and that on
October 28, 2016 I electronically filed the foregoing with this **CERTIFICATE OF SERVICE**

4    with the Clerk of the Court using the CM/ECF system, which upon information and believe will
send notification of such filing to the following attorneys of record:

5

6                          Christopher E. Hawk, WSBA No. 43307

7                                 GORDON & REES LLP
                               121 SW Morrison, Suite 1575

8                                  Portland, OR 97204
                                   Ph: (503) 222-1075

9                                  Fax: (503) 616-3600
                              Email: chawk@gordonrees.com

10

11                   *Attorneys for Defendants Lennar Corporation and*

12                    *Lennar Pacific Properties Management, Inc.*

13
                                                    s/Laurie Gero
14                                                  Laurie Gero, Paralegal

15

16

17

18

19

20

21

22

23

24

25

26

27

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P15 RPLY MSJ