THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

iShow.com, Inc.,

Plaintiff,

v.

Lennar Corporation, and Lennar Pacific Properties Management, Inc.

Defendants.

Civil Action No. 2:15-cv-01550-RSL

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Note on Motion Calendar:
February 3, 2017

ORAL ARGUMENT REQUESTED

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

# TABLE OF CONTENTS

Table of Contents……………………………………………….……………...………...i

Table of Authorities……………………………………………….………...……..ii

I. INTRODUCTION ........................................................................................ 1

II. SUPPORTING EVIDENCE ........................................................................ 2

III. DISCUSSION .............................................................................................. 2

A. Willful Infringement Precludes Laches .................................................. 2

B. No Prejudice ............................................................................................ 7

C. No Unreasonable Delay ........................................................................... 9

D. The Public Interest Outweighs any Equitable Considerations of the Parties ...... 11

IV. CONCLUSION ......................................................................................... 11

Certificate Of Service

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - i
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

# TABLE OF AUTHORITIES

## CASES

*Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.*, 350 F. Supp. 1341 (E.D. Pa. 1972) .......... 10

*Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155 (5th Cir. 1982) .......... 10

*Cybergun, S.A. v. Jag Precision*, No. 2:12-cv-00074-APG-GWF, 2014 U.S. Dist. LEXIS 176285 (D. Nev. 2014) .......... 9

*Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001) .......... 2, 5

*E. & J. Gallo Winery v. Consorzio del Gallo Nero*, 782 F. Supp. 472 (N.D. Cal. 1992) .......... 2, 3, 5

*Earth Technology Corp. v. Environmental Research & Technology, Inc.*, No. 82-6375, 1983 U.S. Dist. LEXIS 18316, 222 USPQ 585 (D.D. Cal. 1983) .......... 11

*Fifty-Six Hope Road Music, Ltd. v. AVELA, Inc.*, 778 F.3d 1059 (9th Cir. 2015) .......... 2, 3, 5

*Gaudreau v. Am. Promotional Events, Inc.*, 511 F.Supp.2d 152 (D.D.C. 2007) .......... 10

*Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104 (2d Cir. 2000) .......... 6

*In re Avedis Zildjian Co.*, 394 F.2d 860 (CCPA 1968) .......... 11

*In re Beaty*, 306 F.3d 914 (9th Cir. 2002) .......... 8

*In re Continental Baking Co.*, 390 F.2d 747 (CCPA 1968) .......... 11

*Independent Nail & Packing Co. v. Stronghold Screw Products, Inc.*, 205 F.2d 921 (7th Cir. 1953) .......... 10

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985 (9th Cir. 2009) .......... 8

*Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 555 P.2d 997 (1976) .......... 9

*Lathan v. Volpe*, 455 F.2d 1111 (9th Cir. 1971) .......... 8

*Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993) .......... 2, 3

*Matzger v. Vinikow*, 17 F.2d 581, 583 (9th Cir. 1927) .......... 6, 7

*Menendez v. Holt*, 128 U.S. 514 (1888) .......... 5

*National Lead Co. v. Wolfe*, 223 F.2d 195 (9th Cir. 1955) .......... 5

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 65 S. Ct. 993 (1945) .......... 6

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - ii
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Sands, Taylor & Wood v. Quaker Oats Co.*, 18 U.S.P.Q. 2d 1457 (N.D. Ill. 1990)................... 4, 5

*Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981 (9th Cir. 2010) ........................................................................................................................ 8

*Siegerist v. Blaw-Knox Co.*, 414 F.2d 375 (8th Cir. 1969) .......................................................... 10

*Sun Products Group, Inc. v. B & E Sales Co.*, 700 F. Supp. 366 (E.D. Mich. 1988)................. 4, 5

*Swank, Inc. v. Ravel Perfume Corp.*, 438 F.2d 622 (CCPA 1971) .............................................. 11

*Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609 (7th Cir. 1965) ............................... 6, 7, 8

*Toyota Motor Sales, U.S.A., Inc. v. Tabiri*, 610 F.3d 1171 (9th Cir. 2010)................................. 10

*TransWorld Airlines, Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676 (9th Cir. 1990) .... 8

*Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 254 P.3d 818 (2011)..................................... 9

**TREATISES**

*Restatement (Second) of Conflict of Laws* (1971).......................................................................... 9



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## I. INTRODUCTION

This is a case for trademark infringement involving competing claims to the mark NEXTGEN (or NEXT GEN) in connection with various goods and services sold in the market for residential home design and construction. Plaintiff, iShow.com, Inc. ("iShow"), filed a motion for summary judgment on September 29, 2016, asserting superior rights to the mark as a matter of law. Dkt. No. 31. Defendant Lennar Corporation ("LCorp") and Lennar Pacific Properties Management, Inc. ("LPPM") (together, "Lennar"), opposed iShow's motion based in-part on laches. Dkt. No. 35 at 13-17. iShow's motion for summary judgment was fully briefed as of October 24, 2016 and remains pending. Lennar now moves for summary judgment based on laches. Dkt. No. 41.

Lennar's motion for summary judgement should be denied because the evidence supports a finding that Lennar willfully infringed; the Ninth Circuit has long rejected laches when asserted by a willful or deliberate infringer.

But even if laches were available as a defense, Lennar cannot show prejudice of the kind necessary to support laches. This is so because Lennar's proffered evidence of prejudice lacks any genuine connection to delay by iShow.

Moreover, the parties' involvement in an opposition proceeding at the United States Patent and Trademark Office ("USPTO") in 2012, as well as settlement discussions in 2012 and 2015, suggest that laches should not apply. Time spent in opposition proceedings and settlement talks should not count against a trademark owner. When these times are properly subtracted from the calculation, the delay was not unreasonable.

RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Finally, the public interest against confusion overrides any equitable finding for Lennar. An injunction must enter against Lennar's continued use of NEXT GEN to protect the public from continued confusion.

## II.     SUPPORTING EVIDENCE

iShow relies on the declaration of Paul Barnett filed in support of iShow's motion for summary judgment (Dkt. No. 31), the declaration of James Brown filed in support of iShow's motion for summary judgment (Dkt. No. 35), the declaration of Alexandra Lumpkin filed in support of Lennar's motion dor summary judgment (Dkt. No. 42), and the supplemental declaration of Paul Barnett filed herewith, in support of iShow's response to Lennar's motion for summary judgment (hereinafter "Suppl. Barnett Decl.").

## III.     DISCUSSION

### A.     Willful Infringement Precludes Laches

Lennar's pre-infringement knowledge of iShow's trademark rights precludes laches by providing sufficient evidence of willful infringement per Ninth Circuit law. The Ninth Circuit defines willful trademark infringement as "'awareness of . . . competitors and . . . actions at those competitors' expense.'" *See Fifty-Six Hope Road Music, Ltd. v. AVELA, Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) (quoting *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993); *see also E. & J. Gallo Winery v. Consorzio del Gallo Nero*, 782 F. Supp. 472, 475 (N.D. Cal. 1992) ("Use of an infringing mark, in the face of warnings about potential infringement, is strong evidence of willful infringement."); *accord Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957 (9th Cir. 2001) ("the term 'willful' refers to conduct that occurs 'with knowledge that the defendant's conduct constitutes copyright infringement.'").

RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

In *Fifty-Six*, the Ninth Circuit affirmed the district court's denial of judgment as a matter of law following a jury trial where the jury found for the plaintiff. The plaintiff was an entity owned by the children of the late Bob Marley and it was formed for the purpose of acquiring and exploiting his assets, rights, and commercial interests. 778 F.3d at 1066. Finding sufficient evidence of willful infringement, the court reasoned as follows:

> Before [Defendant] began selling Marley merchandise, [Defendant's vice president] received a phone call from Doreen Crujeiras, a licensing agent for Hope Road, who notified her that "Hope Road or the Marley family owned the rights in Bob Marley." Crujeiras said that A.V.E.L.A. did not have the right to use Marley's name and likeness. [Defendant's vice president] also knew that Zion had a license to sell Bob Marley merchandise, and this awareness predated [Defendant's] first sales of Marley merchandise. Thus, viewing the evidence in the light most favorable to Plaintiffs, [Defendant's vice president's] testimony demonstrates [Defendant's] "awareness of its competitors and its actions at those competitors' expense."

*Id.* at 1074 (quoting *Lindy Pen Co.*, 982 F.2d at 1406 (internal quotation marks omitted) (citing *E. & J. Gallo Winery*, 782 F. Supp. at 475)).

Similarly, in *E & J. Gallo Winery*, the district court awarded attorney's fees after finding willful infringement. *Id.* In support of its finding of willful infringement, the court explained that the accused infringer had received a cease and desist letter, and that this letter provided notice of "possible infringement." *Id.*

> In light of the notice of likelihood of confusion from [Plaintiff] and Canadian officials, [Defendant] was reasonably required to take more significant affirmative steps to ensure that its conduct would not constitute infringement. [Defendant] could have retained legal counsel to obtain an opinion as to the likelihood of infringement. The failure to consult trademark counsel prior to engaging in infringing conduct, where such consultation would be reasonable, supports a finding of wilful infringement.

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Id.* at 476 (citing *Sands, Taylor & Wood v. Quaker Oats Co.*, 18 U.S.P.Q. 2d 1457, 1471-73, 1476 (N.D. Ill. 1990); *Sun Products Group, Inc. v. B & E Sales Co.*, 700 F. Supp. 366, 385 (E.D. Mich. 1988)).

In this case, the evidence supports a finding of willful infringement. For example, Lennar admits iShow asserted infringement on September 16, 2011, i.e., before Lennar's infringing conduct began. Dkt. No. 42 (Lumpkin Decl.) ¶ 3. iShow's principal, Paul Barnett, explains that he wrote to Lennar about the potential for infringement within one day after finding out about Lennar's planned use of the mark NEXT GEN. Suppl. Barnett Decl. ¶ 2. Further, Mr. Barnett flew to southern California on September 27, 2011 and met with Lennar's Regional President, Jeff Roos at ¶ 3. *Id.* At this meeting, iShow's trademark rights were discussed. *Id.* Specifically, the parties discussed iShow's licensing of its NEXTGEN mark to builders, including the NEXTGEN "Official Builders" of iShow's demonstration homes and iShow's builder-partners who have marketed "certified" or "approved" NEXTGEN homes to consumers. *Id.* Further, as Mr. Barnett explains, he made Mr. Roos aware of iShow's websites, including www.nextgenhome.com, where iShow's certified or approved NEXTGEN home designs were being offered for sale and where other uses by iShow and by iShow's licensed builders of the mark NEXTGEN on homes could be seen. *Id.* ¶ 4.

During the parties' meeting on September 27, 2011, they discussed iShow's tradeshow records, *see* Docket No. 32 (Barnett Decl.) at ¶ 40, which show that several Lennar employees, including high-level executives and officers, have visited iShow's NEXTGEN homes each year since 2004 at the International Builder's Show. According to Mr. Barnett, Mr. Roos acknowledged that Lennar was aware of iShow's use of NEXTGEN on homes. Suppl. Barnett Decl. ¶ 6.

RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Lennar offered no justification for its planned use of NEXT GEN. *Id.* at ¶ 7. While Mr. Roos mentioned that he considered Lennar's planned use to be different, he offered no reason for that conclusion and he failed to explain how Lennar's proposed use might avoid confusion. *Id.*

The evidence here supports a finding that Lennar was aware of iShow's trademark rights before the infringement and that Lennar took deliberate action to infringe despite knowing that this action would be harmful to iShow's trademark rights. This conduct amounts to willful infringement per Ninth Circuit law. *See Fifty-Six*, 778 F.3d at 1067; *E. & J. Gallo Winery*, 782 F. Supp. at 475-476. Moreover, Lennar offers no evidence that it used the mark in good faith, such as an opinion from qualified trademark counsel. *See id.* ("The failure to consult trademark counsel prior to engaging in infringing conduct, where such consultation would be reasonable, supports a finding of willful infringement.") (citing *Sands, Taylor & Wood v. Quaker Oats Co.*, 18 U.S.P.Q. 2d 1457, 1471-73, 1476 (N.D. Ill. 1990); *Sun Products Group, Inc. v. B & E Sales Co.*, 700 F. Supp. 366, 385 (E.D. Mich. 1988)).

In *Sands*, the court noted that the defendant never sought a "formal legal opinion regarding the possibility of trademark infringement prior to" producing the infringing advertising materials. *Id.* Notably, here, Lennar refused to produce an opinion of counsel relevant to the question of willful infringement when asked during discovery. Dkt. No. 31 at Exh. HH, Resp. to RFP No. 19 (asking for any opinions of counsel that might be used to defend against claims of willful infringement).

The Ninth Circuit has long rejected laches as a defense when raised by a willful or deliberate infringer. *See National Lead Co. v. Wolfe*, 223 F.2d 195, 202 (9th Cir. 1955) (citing *Menendez v. Holt*, 128 U.S. 514, 523 (1888)). *See also Danjaq*, 263 F.3d at 956. "Over the past

RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 5
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

eighty-five years, various courts have held that laches does not bar a suit against a deliberate infringer. This principle appears to be based on the equitable maxim that 'he who comes into equity must come with clean hands . . . .'" *Id.* (citing *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir. 2000) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 89 L. Ed. 1381, 65 S. Ct. 993 (1945)). "[L]aches that will operate as a bar are measured in each case by equitable considerations, and, in a case of intentional and continuing invasion of the plaintiff's rights, the delay, in order to constitute a defense, must be such as to amount to assent or acquiescence." *Matzger v. Vinikow*, 17 F.2d 581, 583 (9th Cir. 1927). Some courts conclude that it is only "where the delay is so prolonged and inexcusable that it amounts to a virtual abandonment of the right by the plaintiff for a long period of time that the balance of the equities would favor the knowing infringer." *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 615 (7th Cir. 1965).

In *Matzger*, the Ninth Circuit affirmed the lower court's rejection of a laches defense after a three-year delay. In that case, the plaintiff "promptly protested" after finding out about the objectionable use, and the defendant "clearly had no justification" for continuing to use the infringing labels after knowing of the plaintiff's rights. *See* 17 F.2d at 582. Likewise, in *Tisch Hotels*, the Seventh Circuit reversed the lower court's laches finding in view of willful infringement. The lower court had found good-faith intent on the part of defendant; the parties were not direct competitors, *see* 350 F.2d at 611, and as a result, the lower court found that defendants adopted the mark "without intending to exploit the reputation or good will of Plaintiffs." *Id.* at 613 (internal quotation marks omitted). Finding error, the Seventh Circuit explained that "[a] finding of fraudulent intent or bad faith is not essential to the award of an injunction for trademark infringement where likelihood of confusion exists" and that "defendants

RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 6
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

adopted plaintiffs' name deliberately with a view to obtaining some advantage from plaintiffs' investments in promotion and advertising." *Id.* This evidence precluded laches because, according to the Seventh Circuit, "only in the most exceptional circumstances will injunctive relief be denied in a case of deliberate infringement." *Id.* at 615.

Like the situation in *Matzger*, iShow "promptly protested" when it learned that Lennar intended to use the mark NEXT GEN. Suppl. Barnett Decl. ¶ 2. iShow even travelled to Lennar to discuss the matter with one of Lennar's regional presidents. *Id.* at ¶ 3. At this meeting, Lennar heard iShow's reasons why the infringement would cause harm, yet Lennar "clearly had no justification" for its decision to go forward with the infringement. And like the situation in *Tisch Hotels*, iShow and Lennar are not "direct competitors," however, the evidence supports a finding that "[Lennar] adopted [iShow's] name deliberately with a view to obtaining some advantage from [iShow's] investments in promotion and advertising." 350 F.2d at 613. This is particularly true given the good reputation enjoyed by iShow's NEXTGEN mark in the industry, particularly "the brand's association with the latest in home-design, building materials, and in-home technologies." Dkt. No. 35 (Brown Decl.) ¶ 5.

**B. No Prejudice**

Lennar took a calculated risk by infringing. It was fully aware of iShow's rights, yet it decided to move forward anyway. Under these facts, Lennar suffered no prejudice, unless it can be said that iShow's delay was "so prolonged and inexcusable that it amounts to a virtual abandonment of the right by the plaintiff for a long period of time. . . ." *Tisch Hotels*, 350 F.2d at 615. iShow's delay here cannot be considered "so prolonged and inexcusable that it amounts to a virtual abandonment."

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 7
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Prejudice is not proven by evidence of expenditures or investments in an otherwise infringing trademark. *Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc*., 559 F.3d 985, 991 (9th Cir. 2009) (reasoning that "prejudice in this context is not so simple.") '"If this prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case of delay."' *Id.* (quoting *Tisch Hotels*, 350 F.2d at 615). Additionally, the fact that Lennar sold "over 4,200 homes bearing the NEXT GEN mark in 14 states across the United States with gross sales of NEXT GEN homes in excess of $1.77 Billion," is irrelevant to the question of prejudice absent more specific evidence tying these sales to iShow's delay. Under Ninth Circuit law, "generic claims of prejudice do not suffice for a laches defense." *In re Beaty*, 306 F.3d 914, 928 (9th Cir. 2002) (citing cases). "[U]ndue prejudice requires at least some reliance on the absence of a lawsuit." *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc.*, 621 F.3d 981, 989 (9th Cir. 2010) (citing *Lathan v. Volpe*, 455 F.2d 1111, 1122 (9th Cir. 1971)).

Here, Lennar started infringing with knowledge of iShow's trademark rights. Indeed, iShow actively enforced those rights by way of a trademark opposition at least until August 2012, when iShow voluntarily withdrew its trademark opposition. Missing from Lennar's assertion of prejudice is some articulation how or why Lennar relied on iShow's voluntarily withdrawal of the opposition to conclude that iShow would not assert infringement in the future. As the Court has already determined, iShow's decision to voluntarily withdraw the opposition had no *res judicata* effect. Dkt. No. 22. Thus, without some statement or affirmative conduct by iShow indicating that iShow would not pursue extant infringement claims, Lennar could not reasonably rely to its detriment on iShow's withdrawal of the trademark opposition. *See TransWorld Airlines, Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676, 695 (9th Cir. 1990) (laches requires reasonable reliance).

As the Ninth Circuit explained in *TransWorld*,

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

> the prejudice requirement does not mean merely that the defendant will be worse off if the relief is granted than he would be if it were not; that sort of prejudice could be claimed by all defendants all of the time. The prejudice that the doctrine of laches is designed to prevent occurs when a defendant, *by reason of a plaintiff's delay*, is or will be worse off than he would have been if the plaintiff had enforced his rights in a timely fashion.

*Id.* at 696 (emphasis in original). Here, the record lacks evidence explaining what Lennar would have done differently had iShow sued earlier. The record only establishes that iShow notified Lennar of the infringement and that iShow filed an opposition at the trademark office seeking to oppose Lennar's efforts to register the mark. Throughout this time period, Lennar continued to infringe.

**C. No Unreasonable Delay**

iShow's delay in filing suit in federal court was not unreasonable when one considers the considerable time spent by the parties in settlement discussions and at the USPTO, where iShow's claims for infringement were raised but never finally resolved.

Washington courts apply the "most significant relationship rule" in a choice of law analysis. *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580, 555 P.2d 997 (1976); *see also Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 735 n.6, 254 P.3d 818 (2011) ("Our authorities hold that the location of the injury is not necessarily determinative. Instead, Washington adheres to the 'most significant relationship' test, as developed by the *Restatement (Second) of Conflict of Laws § 6* (1971), in a choice of law analysis.").

As Lennar recognizes, Nevada law arguably applies in this case given iShow's significant business presence in Nevada (at Las Vegas tradeshows) and because iShow has a state trademark registration for the mark NEXTGEN in Nevada. Dkt. No. 41 at 6:9-14. Nevada applies a four-year statute of limitations for acts of deceptive trade practices. *See Cybergun, S.A. v. Jag Precision*, No. 2:12-cv-00074-APG-GWF, 2014 U.S. Dist. LEXIS 176285 (D. Nev. 2014).

Regardless of whether a three-year or four-year statute of limitations period applies, iShow's delay in filing suit was not unreasonable because it spent significant time in settlement discussions and in an opposition proceeding against Lennar. The evidence shows that iShow spent

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 9
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

at least seven months trying to settle this matter with Lennar, from February to September 2015. Courts in the Ninth Circuit will not hold this time against iShow in determining whether the delay was unreasonable. *See Toyota Motor Sales, U.S.A., Inc. v. Tabiri*, 610 F.3d 1171, 1183 (9th Cir. 2010) (finding two years of settlement talks not unreasonable); *Siegerist v. Blaw-Knox Co.*, 414 F.2d 375, 381 (8th Cir. 1969) (delay was excusable because "the parties attempted to engage in conciliatory negotiations rather than rush headlong toward litigation"). *See also Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1158 (5th Cir. 1982) (finding two years of settlement negotiations not unreasonable); *Independent Nail & Packing Co. v. Stronghold Screw Products, Inc.*, 205 F.2d 921, 927 (7th Cir. 1953) (finding eighteen months of settlement talks not unreasonable).

Additionally, a prior opposition at the USPTO is typically sufficient to excuse any subsequent delay in filing an infringement action. "Numerous courts have recognized that pursuing an opposition in the USPTO excuses a delay in filing suit on a Lanham Act claim." *Gaudreau v. Am. Promotional Events, Inc.*, 511 F.Supp.2d 152, 159 (D.D.C. 2007) (collecting cases). "While a successful opposition only acts to prevent registration and not use, as a practical matter, it puts the defendant on notice that, at least, the plaintiff is not going to 'sleep on its rights,' and indeed, in our view, goes even further and puts the defendant on notice that the opposer also protests its use of the confusingly similar mark." *Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.*, 350 F. Supp. 1341, 1367 (E.D. Pa. 1972).

In view of the significant time spent by iShow in pre-litigation discussions with Lennar in an attempt to resolve this matter outside of formal litigation (i.e., six months from September 2011 to March 2012, and seven months from February 2015 through September 2015) and the time spent in the pre-litigation opposition proceeding at the USPTO (five months from March 2012 to August 2012), the delay was not unreasonable. In fact, the total number of months with no ongoing adversarial dealings between the parties is about twenty-nine (i.e., from September 2012, just after the opposition was withdrawn, until February 2015, when Lennar sent iShow a cease and desist letter).

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 10
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**D. The Public Interest Outweighs any Equitable Considerations of the Parties**

If a likelihood of confusion will inevitably result from continued use by the junior user, a number of courts will find that the right of the public against confusion and deception outweighs any inequity to the junior user cause by the trademark owner's delay in filing suit. *See, e.g., Earth Technology Corp. v. Environmental Research & Technology, Inc.*, No. 82-6375, 1983 U.S. Dist. LEXIS 18316, 222 USPQ 585 (D.D. Cal. 1983) ("[G]enerally, laches will not be applied when proof of infringement is clear."); *accord Swank, Inc. v. Ravel Perfume Corp.*, 438 F.2d 622, 624 (CCPA 1971) (citing *In re Avedis Zildjian Co.*, 394 F.2d 860, 1128 (CCPA 1968); *In re Continental Baking Co.*, 390 F.2d 747, 970 (CCPA 1968)). Notably, in this case, both parties allege a likelihood of confusion for the purposes of determining liability. *See* Dkt. No. 26 at ¶ 41; Dkt. No. 27 (Amended Counterclaims) at ¶ 17. Accordingly, Lennar as the junior user of the mark, should be enjoined in order to protect the public from further confusion and deception.

## IV. CONCLUSION

The evidence supports a finding that Lennar willfully or deliberately infringed. As such, Lennar cannot claim the benefit of the equitable defense of laches. Moreover, the facts and law do not support laches in this case even if the defense were available to Lennar. Lennar's motion should be denied.

DATED this 30th day of January, 2017.

LOWE GRAHAM JONES[PLLC]

s/Mark P. Walters
Attorney, WSBA No. 30819
Walters@LoweGrahamJones.com
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

*Attorneys for Plaintiff iShow.com*

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 11
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

I, Laurie Gero, hereby certify that I am an employee of Lowe Graham Jones PLLC and that on January 30, 2017 I electronically filed the foregoing with this **CERTIFICATE OF SERVICE** with the Clerk of the Court using the CM/ECF system, which upon information and believe will send notification of such filing to the following attorneys of record:

Christopher E. Hawk, WSBA No. 43307
GORDON & REES LLP
121 SW Morrison, Suite 1575
Portland, OR 97204
Ph: (503) 222-1075
Fax: (503) 616-3600
Email: chawk@gordonrees.com

*Attorneys for Defendants Lennar Corporation and Lennar Pacific Properties Management, Inc.*

s/Laurie Gero
Laurie Gero, Paralegal

RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Civil Action No. 2:15-cv-01550-RSL
ISOW-6-1001P17 RESP to DEF MSJ

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301