UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

```
_____
                                        )
ISHOW.COM, INC.,                        )    No. C15-1550RSL
                                        )
                    Plaintiff,          )
        v.                              )
                                        )    ORDER DENYING *EX PARTE*
LENNAR CORPORATION, *et al.*,           )    MOTION
                                        )
                    Defendants.         )
_____ )
```

This matter comes before the Court on "Defendants' *Ex Parte* Motion for Leave to File 12(c) Motion for Judgment on the Pleadings Regarding Plaintiff's Second Cause of Action for Common Law Trademark Infringement." Dkt. # 83. Defendants offer no authority for their *ex parte* request for relief. This motion, which seeks an extension of a case management deadline, should have been noted for consideration on the second Friday after filing. LCR 7(d)(2)(A). Rather than renote the motion, the requested relief is DENIED outright.

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon

ORDER DENYING *EX PARTE* MOTION

good cause shown . . . ." Dkt. # 17 at 2.[1] The deadline for filing dispositive motions was January 31, 2017. Defendants have not justified their belated attempt to file a motion to dismiss. Plaintiff's trademark infringement claim was added to the case on June 22, 2016. Dkt. # 26. Defendants filed a dispositive motion on January 6, 2017, and nothing prevented them from seeking dismissal of the infringement claim at that time. The Supreme Court decision on which defendants purportedly rely had been decided almost two years earlier. To the extent defendants believed that the trademark infringement claim is barred by the 2012 USPTO adjudication, they could have and should have raised that issue long ago. Defendants have not shown that they acted diligently in seeking dispositive relief and have not established good cause for extending the case management deadline.

//

//

---

[1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

1 | For all of the foregoing reasons, defendants' unauthorized motion to modify the case management order so that they can file a belated dispositive motion is DENIED.

Dated this 7th day of July, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge